WILLIAMS et al. *vs.* POWELL.

1. The endorsement of the cause of action on the writ, cannot be referred to, for the purpose of reversing a judgment.

2. A declaration may be substituted for one that is lost, as well after judgment rendered, as before.

Error to Lowndes Circuit court.

Debt, on a written contract to pay money, in consideration of the sale of land, by the defendant to the plaintiff—tried before *Shortridge*, J.

In this case, judgment was rendered for the plaintiff in error, for a larger sum than was due on the contract. At a term subsequent to the issuance of the writ of error, the Circuit court, on motion of the defendant in error, caused the entry of the judgment to be so corrected, as to make the amount recovered, conform to the sum due on the contract; and at the same time, on motion of the defendant in error, allowed a declaration to be filed, as a substitute for one which it appeared had been lost or mislaid, so that it could not be had to complete the record. Of these several motions, it appeared that the plaintiff in error had due notice.

The plaintiff assigned four causes of error, but abandoned at the argument all but two, either supposing them not available, or else embraced by the remaining two. The errors relied on, are,

1. That there was no declaration;

2. If there was a declaration, it was insufficient to sustain the judgment.

*J. A. Campbell*, for plaintiff in error.

COLLIER, C. J.—The assignment of errors seeks to bring to the view of the court, the endorsement of the cause of action on the writ, with a view to a reversal of the judgment. We have repeatedly held, that the endorsement may be looked to, for the purpose of sustaining, but never to reverse a judgment. This objection, then, must be disregarded, which leaves us to consider whether the record contains a declaration sufficient to sustain the recovery by the defendant in error. At the suing out of the writ of error, there was no declaration on file; but at a term of the Circuit court holden subsequently, a motion was made for leave to file a new declaration, as a substitute for the original, which was lost or mislaid. The record, after reciting that the parties having notice of the motion, came by their attorneys, proceeds as follows: "It appearing to the satisfaction of the court, that the original declaration in said cause had been lost or mislaid, so that it cannot be found, therefore, on motion of plaintiff, by attorney, it is ordered and considered by the court, that the said plaintiff have leave to substitute and file a new declaration, as of the last term, which shall be taken as, and for the original, and the said declaration now filed, be taken, allowed and adopted accordingly, being approved by the court. The said Thomas M. Williams, by his attorney, maketh objection to this judgment—and the plaintiff pays the costs of the motion, for which execution may issue."

In Dozier vs. Joyce, (8 Porter, 303,) it was considered a clear right of the court, before which a cause was pend-

ing, to permit other papers to be substituted for those which were lost. Such a right we think indispensable to the administration of justice, inasmuch as the loss of every thing whose safe-keeping depends upon human care and vigilance, is within the range of possibility, and the papers belonging to our courts as much so, as any others: individual interests would be subject to jeopardy, if the most solemn acts of courts were rendered void, by the mere loss of any part of the written proceedings which led to them.

Understanding, then, that this right is incident to all courts, it is quite as important that it should be exercised after as before judgment. But it is objected, that the jurisdiction of the court is exhausted by the rendition of the judgment, and that a substitution allowed afterwards, would be an act *coram non judice.* This argument, we think, is not supportable. Courts, it is true, cannot, on motion, permit the pleadings in a cause to be amended after judgment, nor can they cause a judgment to be amended, so as to divest it of error at a succeeding term, unless the defect is properly chargable to the clerk, and the record furnishes something to amend by. These instances, however, serve to show that a court does not lose *all control* over its proceedings by the judgment, but that in order to make effectual its acts, it may materially interfere with them; and as it is quite as important that this right should exist after, as well as before judgment, we have no hesitation in determining, that the substitution of a declaration was not allowed at too late a period.

It is further objected for the plaintiff in error, that the

Williams et al. *vs.* Powell.

record does not discover that the declaration received by the court, was not a *literal* or *substantial* copy of the declaration originally filed. This is true, yet the reverse is not stated, and as the court should not have received a declaration, which did not substantially correspond with that for which it was substituted, we should intend that it instituted the necessary enquiry on the point, and that its decision was correct.

We are aware, that if on motions to substitute papers, affidavits and counter-affidavits are received to aid the determination of the court, questions of fact exceedingly embarrassing would arise, so much so, that it would be difficult, if not impossible, in many instances, to attain a satisfactory conclusion. To avoid this perplexity, the court should, in the first place, propose to the parties to permit such a paper to be filed as they may agree on—if they will not, or cannot agree, then the court should have recourse to such proof as may satisfy it that the paper offered, corresponded so nearly with the paper lost, that the adverse party could not be prejudiced; but in no case should a substitute be allowed, where this proof cannot be made.

We do not understand that there is any objection to the judgment, *nunc pro tunc.* In fact, it is so beneficial to the plaintiff in error, and for any thing shown by the record, so entirely regular, that we suppose its correctness could not be drawn in question.

Our conclusion is, that the judgment of the Circuit court must be affirmed, but as the judgment was reversable, when the writ of error was sued out, the defendant in error must pay the costs of this court.