## WILKERSON AND ANOTHER, v. BRANHAM.

1. The court may, after judgment for the plaintiff, permit a declaration to be substituted in lieu of the original, when it has been lost or mislaid; and though it is proper to require notice to be given to the defendant, that a motion will be made for that purpose, yet if the court grant the motion, without a previous notice, its action will not be considered as void or irregular.

WRIT of Error to the Circuit Court of Russell.

This was an action of *assumpsit,* by the defendant in error, against the plaintiffs, on a promissory note, for the payment of twelve hundred and sixty-seven 31-100 dollars, on the twenty-fifth day of December, eighteen hundred and forty, with interest from the first of January, preceding, " if not punctually paid." On the note two credits are indorsed, one for eighty dollars, on the 24th January, 1842; the other for fifty dollars, on the 20th of March, thereafter; and on the 17th October of the same year, the plaintiff recovered a judgment by default, for thirteen hundred and ten 82-100 dollars, besides costs.

At the term of the circuit court, next succeeding the rendition of the judgment, the plaintiff moved for leave to substitute a declaration in lieu of the original, which had been lost or mislaid; this motion was granted, and the declaration filed, but whether notice of the motion was given to the defendants does not appear.

HEYDENFELDT, for the plaintiffs in error, made two points. 1. Interest was calculated from the first of January, 1840, when it was recoverable only from the maturity of the note. [Minor's Rep. 126, 170, 209; Newland on Con. 311.]

2. The substitution of a declaration should not have been permitted without notice having been given to the defendants below. [Dozier v. Joyce, 8 Porter's Rep. 303.]

BELSER, for the defendant. The first point is not tenable: interest was only calculated from the time the note became due. The substitution of a declaration was entirely proper, even with-

out a notice; but if 'a notice was necessary, it will not be intended that it was not given. [3 Johns. Rep. 143; Id. 433; 5 Id. 163; 1 Johns. Cases, 31; 3 Cow. Rep. 39; 18 Wend. Rep. 675; 8 Porter's Rep. 310; 9 Id. 593.]

COLLIER, C. J.—The first objection taken to the judgment is not sustained by the record. A calculation of interest after allowing the credits indorsed, shows that the judgment is for a sum less than was due on the note, computing from the time of its maturity.

Dozier v. Joice, [8 Porter's Rep. 303, and Williams, et al. v. Powell, 9 Porter, 493,] show, that it is competent for the court to permit a declaration to be substituted for the original, when it has been lost or mislaid. In the first case, leave was given pending the trial, to supply the writ and declaration, which were then discovered to have been lost; in the last, the substitution was made after judgment: in the first, the parties were before the court, and of course had notice, and in the last, it is expressly stated in the record, that the defendants had notice of the motion. In neither case does the court explicitly decide, that notice was indispensable to authorise its action; but in Williams, et al, v. Powell, after speaking of the embarrassment which would some times be felt, in determining upon an application to substitute papers, if affidavits and counter affidavits were received, we say, " to avoid this perplexity, the court should in the first place propose to the parties, to permit such a paper to be filed as they may agree on— if they will not, or cannot agree, then the court should have recourse to such proof as may satisfy it that the paper offered, corresponded so nearly with the paper lost, that the adverse party could not be prejudiced; but in no case should a substitute be allowed where this proof cannot be made."

As a precautionary measure, to prevent injustice from being done, we are prepared to say, that where the motion is made after judgment, notice should be given, yet it must be regarded as a mere question of practice, and we are inclined to think, if the court act without it, its judgment would not be reversible. In the case of the lessee of Walden v. Craig's heirs, et al. [14 Peters' Rep. 154,] the court say, that the general rule, which declares a notice to be necessary to enable a court to exercise jurisdiction, applies only where original jurisdiction is exercised, and not to

the decision of a collateral question, in a case where the parties are before the court. In that case, a motion had been made after judgment to extend the demise in an action of ejectment. It was said, "if it were necessary, notice in the case under consideration might well be presumed. For it does not follow, that no notice was given, because none appears upon the record. The fact of notice may be proved by parol." Again, " after judgment the parties are still in court, for all the purposes of giving effect to it. And in the action of ejectment, the court having power to extend the demise after judgment, the defendant may be considered in court on this motion to amend, as well as on any other motion or order, which may be necessary to carry into effect the judgment. In no correct sense is the exercise of this power of amendment similar to the exercise of an original jurisdiction, between parties on whom process has not been served."

This reasoning seems to us to be so just, and the conclusion to which it leads likely to produce so little injury, that we can have no hesitation in adopting it in the present cuse. Our conclusion is, that the judgment of the circuit court be affirmed.