# TAYLOR *vs.* McELRATH.

[PROCEEDING FOR ESTABLISHMENT OF LOST RECORD.]

1. *Jurisdiction of probate court to supply lost record of orphans' court.*—The probate court, being a continuation, with some modifications, of the former orphans' court, has power to supply the lost records of that court.

Taylor v. McElrath.

2. *Presumption in favor of ruling of primary court.*—In a probate case, where the correctness of the ruling of the primary court depends on the proof, and the record does not purport to set out all the evidence on which the probate judge acted, the appellate court will presume that his decision was justified by the evidence.

3. *When exception is necessary.*—"We do not wish to be understood as admitting, that the correctness of the ruling of the probate judge on the facts before him," on a motion to supply a lost record, " could be revised in this court without an exception to it."

APPEAL from the Probate Court of Cherokee.

IN this case, on the 13th December, 1858, William Mc-Elrath moved the probate court to supply certain lost papers, alleged to belong to the records of the former orphans' court of said county ; which motion was resisted by Randolph Taylor, the appellant. The lost record consisted of the proceedings had in said orphans' court, at its May term, 1838, in the matter of the establishment of a mill-dam on the application of Burrell Thompson and William McElrath, comprising the petition, writ of *ad quod damnum*, inquest of the jury, and decree of the court in favor of the petitioners. On the 22d December, 1858, the probate court rendered its decree in the cause, which, after reciting the preliminary proceedings, continued as follows: "And now comes into court the said William McElrath, by his attorney, and in his own proper person, and propounds to the court a petition, order, writ of *ad quod damnum*, and order authorizing the erection of said mill-dam,—alleging that the same are, in fact and substance, copies of the original papers in said original cause ; and also offered proof to establish the same by the affidavits of John S. Wilson and Benjamin D. Cook. Comes also the said Randolph Taylor, in his own proper person, and by attorney, and admits that, if said petition, orders, inquisition, &c., ever did exist, they have been lost; and offers the affidavit of Charles Taylor as counter testimony. And after issue being joined by said parties, and argument had before the court upon the proof submitted, it appearing to the satisfaction of the court, by proof here duly made, that there was an original petition to said orphans' court, by said Burwell Thompson and William McElrath;

that said orphans' court granted an order for a writ of *ad quod damnum*; that said writ issued to the sheriff of said county, and was by him duly executed, by summoning, sweaiing and empannoling Paschal W. High, Moses Lewis, Samuel Lewis, Randolph Taylor, Charles Taylor, Joseph Cason, and E. S. Blair; that said jurors made and returned their inquisition; that said court thereupon, to-wit, at its July term, 1838, rendered an order and decree, granting said Thompson and McElrath the right to erect a mill-dam across Terrapin creek at Taylor's shoals in said county; and that said original papers and judgment have been lost. It is therefore ordered, adjudged and decreed, that the said copy petition, order of court grant-ing writ of *ad quod damnum*, writ of *ad quod damnum*, sheriff's entries and return, inquisition of jury, and final order of said court granting the erection of said mill-dam, be, and they are hereby, substituted in this court for those lost, which are in the following words and figures," (setting out the substituted papers;) "and it is further ordered, that said copies, so ordered and substituted, be filed in this court, and that the testimony of John S. Wilson and Benj. D. Cook, offered by the plaintiff in this motion, as well as the testi-mony of Charles Taylor, offered by the contestant, be filed and made of record in this court; and it is further ordered, that William McElrath pay the costs of this motion."

There is no bill of exceptions in the record. The errors assigned in this court are—"1st, that the probate court had no jurisdiction of the case; 2d, that there was no record evidence to amend by, or to authorize the substitution; and, 3d, that there was not sufficient certainty in the proof to authorize the substitution."

M. J. TURNLEY, for appellant.

A. W. BOWIE, *contra*.

A. J. WALKER, C. J.—It is indispensable to the suc-cessful administration of justice, that every court should have the power of supplying its lost records. The decis-ions of this court fully recognize the existence of inherent power in courts of record, to substitute copies of lost

records, even after judgment rendered.—Williams v. Powell, 9 Porter, 493 ; Wilkerson v. Branham, 5 Ala. 608 ; McLendon v. Jones, 8 Ala. 298; Doswell v. Stewart, 11 Ala. 629. The probate court is a continuation of the old orphans' court, with some modifications, and must have the power of supplying the lost records of that court.

[2.] We are not called upon to pronounce on the sufficiency of the evidence to authorize the order made. The record sets out some evidence, which was adduced in support of the motion to supply the lost records; but it does not appear, and we are not authorized to affirm, that that is all the evidence upon which the judgment of the court below was predicated. We could not, therefore, reverse, even though we regarded the evidence found in the record as insufficient. This court must always intend, until the contrary appears, that the judgments brought before it for revision are correct. The decision of the probate court, upon a question of fact falling within its jurisdiction, is certainly revisable; but, being presumed correct, cannot be pronounced erroneous, until we are assured we have before us the entire evidence upon which it acted, and can perceive the insufficiency of that evidence to justify the judgment or decree rendered.—Bradley v. Andress, 30 Ala. 80; Williams v. Gunter, 28 Ala. 681; Smith v. King, 22 Ala. 559; Barnes v. Mobley, 21 Ala. 232.

[3.] What we have said, leads us necessarily to the affirmance of the judgment of the court below. But there was no exception to the decision of the probate judge; and we wish not to be understood as admitting, that the correctness of his ruling upon the facts before him could be revised in this court, without an exception to it.—Smith v. King, 22 Ala. 558; Williams v. Gunter, 28 Ala. 681; Gordon v. McLeod, 20 Ala. 242; Reese v. Gresham, 29 Ala. 91.

Judgment affirmed.