DeWolf v. Boswell.    。

---

### J. H. DeWolf et al. v. Hurley Boswell et al.

1. LOST RECORDS—*Restoration of—Parties.*—Section 2, chapter 116, R. S., entitled "Records," provides that the application to restore a lost record may be made by any party or person interested, and that the record when restored shall have the same effect as the original, "so far as concerns the party or person making such application, and the persons who shall have been notified," but does not provide what persons shall be notified.

2. PARTIES—*Proceedings to Restore Lost Records.*—The proceedings to restore lost records is statutory, and is binding only as between the parties thereto, and such parties can not complain that other persons were not made parties.

3. NOTICE—*In Proceedings to Restore Lost Records.*—The general

direction of the statute is, that notice shall be given as in chancery cases, but when the original proceeding was *in rem* without personal service, then as nearly as may be as in the original proceeding, sought to be restored.

**Proceedings to Restore Lost Records.**—Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

J. A. GRAY and D. ABBOTT, attorneys for appellants.

H. W. MASTERS and KINSEY THOMAS, attorneys for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of the Circuit Court restoring a part of the judgment record of said court, which had been destroyed by fire. The portion restored was an order entered at the December term, 1893, dismissing the suit as to William Hanlon and Maggie Nagel in a certain cause wherein the present appellants and one James D. Smith and said Hanlon and Nagel were defendants and one Cora Boswell was plaintiff.

The application for such restoration of the record was made under Section 2, Ch. 116, R. S., by the appellees, who averred that after the said Hanlon and Nagel were so dismissed they, the appellees, were made co-plaintiffs in the suit and that they recovered a judgment therein against the said appellants and said Smith for $2,500, from which judgment the defendants herein had prayed and perfected an appeal to the Appellate Court, and that the record of said cause, except said order sought to be restored, was then pending on said appeal in the Appellate Court.

It is objected that the said Cora Boswell and said Hanlon and Nagel should have been made parties. From the petition it appears that the judgment was not in favor of the said Cora Boswell, but in favor of the petitioners only. Hence it is not perceived what interest she had in this proceeding, nor what necessity there is for making Hanlon

and Negal parties thereto. The statute says the application may be made by any party or person interested, and that the record when restored should have the same effect as the original, "so far as concerns the party or person making such application, and the persons who shall have been notified," but does not provide what persons shall be notified. Since the only object is to restore a lost record, and since the result is to make the restored record effective only as to the persons making the application and those notified, it is not apparent how these parties to the proceeding can complain that other persons were not made parties. How can these appellants be made to suffer because the persons referred to are not bound by the order appealed from?

The proceeding is statutory and is for a purpose which is binding only as between the parties thereto. We think the objection is not well taken.

It is urged next that notice to James D. Smith was not properly given. The statute provides that notice shall be given as in chancery cases, and that where the proceeding in the original case is *in rem*, and no personal service was had, the notice shall be as nearly as may be as it was in the original proceeding, and it is further provided that the court may, in all cases where publication is required, direct the form of the notice and the newspaper or newspapers in which the same shall be published.

In this instance the appellants were all served with summons as in chancery, and they appeared without objection. As to Smith, notice was given by publication as in chancery, but it does not appear that the court made an order as to the form of the notice or the newspaper in which it should be published.

Reading the entire statute, it will be observed that the general direction is that notice shall be given as in chancery cases; but when the original proceeding was *in rem* without personal service, then as nearly as may be as in the original proceeding.

In the latter class of cases the method of notice was to be

analogous to that in the original proceeding, and in such cases doubts might arise as to the proper form, etc., and so it was provided that the court might in all cases where publication is required, regulate the matter. To say that the court must do so in all cases is to render nugatory the provision found in the preceding part of the section that notice shall be given as in chancery. We are, therefore, inclined to hold that the notice as to Smith was sufficient, though it may well be doubted whether these appellants having answered and gone to hearing without objection can be heard to raise the question.

It is objected that there was no replication to the answer.

From the certificate of evidence it appears the cause was heard on bill, answer, replication and parol evidence.

But if there was no replication and if a replication was required, it was waived by going to trial without it.

The only pleading required by the statute is the " application " which must be in writing and verified by affidavit.

It is objected that the proof upon which the order was granted is not sufficient.

The clerk of the court testified that at the December term, 1893, he made a record of an order dismissing said Hanlon and Nagel; that the record of said order was burned and that Exhibit 1, attached to the application, was in substance a copy of that order. Turning to the exhibit we find an order in apt and proper terms as alleged. It is not perceived what further is necessary. It is ordered that this cause be consolidated with the original appeal and that the two causes be treated as one. The order of the Circuit Court, allowing restoration of the destroyed record is affirmed.