# State, *ex rel.* Roberson *v.* The Town of Pell City.

### *Quo Warranto.*

(Decided June 30, 1908.  47 South. 246.)

*Municipal Corporations; Dissolution; Irregularities in Organization.*—Where the people of a locality had organized themselves into a municipal organization, under color of law at least, and had continuously for fifteen years exercised all the functions of a duly organized municipal corporation, and where the legislature of the state had during that time by several acts recognized it as an existing municipal corporation, a proceeding by the state on the relation of one of its citizens to dissolve it for an irregularity in its organization, in that the petition for incorporation alleged the petitioners to be residents of legal age, instead of adult male inhabitants, will not be entertained because of laches and of the discretion of the court to refuse judgment of ouster, where, in its opinion, the interest of the public do not require such judgment to be entered.

Appeal from St. Clair Circuit Court.

Heard before Hon. John W. Inzer.

Petition by the state on the relation of Sam Roberson against the town of Pell City, and its board of mayor and aldermen, in the nature of a quo warranto for ous-

ter, and to annul the incorporation. From a judgment denying the petition, relator appeals. Affirmed.

VICTOR H. SMITH, and CHARLES P. PRATT, for appellant. Quo warranto is the proper remedy.—*West End v. The State, ex rel.*, 138 Ala. 295; Sec. 3420, Code 1896. The petition did not show that it was signed by twenty or more adult male inhabitants.—Sec. 1486, Code 1886. It must affirmatively appear that all jurisdictional facts are present, and in the record where the court has limited statutory jurisdiction.—*Talley v. Gryder*, 66 Ala. 119; *Savage v. Woolf*, 69 Ala. 569; *Miller v. Jones*, 80 Ala. 98.

M. M. SMITH, and McLANE TILTON, JR., for appellee. The duties of a probate judge in incorporating municipalities are purely ministerial and directory.—*West End v. The State, ex rel.*, 138 Ala. 295. By prescription and by implication, as well as by its charter, Pell City is properly incorporated.—Abbott on Munic. Corp. Vol. 1, pp. 30-1; *Dillingham v. Snow*, 5 Mass. 547; *State v. Leatherman*, 38 Ark. 81; *Pidgin v. McCarty*, 82 Ind. 321.

DENSON, J.—This is an action in the nature of quo warranto, commenced under subdivision 3 of section 3420 of the Code of 1896 (section 5453, Code of 1907), to dissolve the municipal corporation of Pell City, in St. Clair county. The action is in the name of the state, on the information of Sam Roberson, and is against the corporate entity and the intendant and councilmen. The town was organized on the 6th day of May, 1891, under title 14, c. 1, of the Code of 1886, and so far as the petition in this case shows the proceedings in respect to the organization or creation of the corporation were regular, with the exception that in the petition filed with the

ju'dge of probate, seeking to incorporate said town, the petitioners were alleged to be "residents of Pell City, Ala., of legal age," whereas the statute provided that such petiitons should be "signed by twenty or more of the adult male inhabitants." Upon the irregularity pointed out is based the alleged legal right to have the corporation dissolved and the intendant and councilmen excluded from office.

In the view we take of the case it is not necessary to discuss the validity vel non of the proceedings had before the probate judge; for upon well-settled principles of law, which we shall advert to, it might even be conceded that the alleged irregularity occurred, and for that reason that the corporation was not legally organized, and that the state, on timely application, could have had the proceedings annulled, and yet the judgment here appealed from should be affirmed. The record discloses that the order of incorporation was made on May 6, 1891, and that the corporation has been in the continued and uninterrupted exercise of the rights and franchises, and in the discharge of all municipal obligations and duties, under the laws of the state, since that date. It is further shown by the record that the state has more than once, by legislative enactment, recognized Pell City as a municipal corporation. We refer to two of these enactments specifically: The first was "An act to constitute the town of Pell City a separate school district," etc., approved February 21, 1893, and therein—after in the first and second sections creating the district and providing that it shall receive each year its proportionate share of the school fund going to St. Clair county—it is provided that there shall be a board of education for said district, to be composed of the mayor or intendant of said town and four other persons, bona fide residents of said town; and the second is an act entitled "An act

to establish, maintain and regulate a dispensary in the town of Pell City," etc., approved February 28, 1903. By the eleventh section of the latter act it is made the duty of the "mayor and city council of Pell City, in St. Clair county," to pass ordinances to carry out the provisions of the act and to provide suitable penalties for the violation of any of the provisions of the act.

Thus, as by these facts disclosed, it is made to appear without any dispute that at the time this information was filed Pell City had been recognized by the public and by the legislative department of the state, from time to time, as a municipal corporation, and as a governmental agency or instrumentality of the state it had been exercising, continuously, all the functions possessed by municipal corporations regularly organized under the Code, for a period of more than 16 years. In 2 Spelling, Extraordinary Relief, p. 1468, § 1803, the principle of acquiescence by the state and consequent loss of right to dissolve a municipal corporation is asserted in this language: "Aside from the rule of public policy which prevails in this country against the forfeiture of the charter of a municipal corporation, it is held that the state may, by long acquiescence in the existence and acting as such by a municipality, become barred from proceeding against it through its officers to forfeit its franchises, although its original organization may have been irregular and not in accordance with the general laws of the state." The author, in support of the text, cites the case of *State v. Leatherman,* 38 Ark. 81, which, we find upon investigation, is a well-considered case and a leading one on the subject in hand. The case was a proceeding by the Attorney General, by quo warranto, to annul the charter of a defacto corporation of eight years standing, and in it the Supreme Court of Arkansas held "that the state may by long acquiescence and continued recognition of a municipal corporation, through her officers, be precluded from any information

to deprive it of franchises long exercised in accordance with the general law." We shall not quote from the case further, but remark in passing that the reasons for applying the doctrine of acquiescence against the state are in the opinion of the court forcefully and lucidly set forth.

In the case of *Jameson v. People.* 16 Ill. 257, 63 Am. Dec. 304, which was a proceeding by quo warranto to inquire into the organization of a municipal corporation, instituted four years after the town was incorporated, the Legislature had enacted laws concerning the town and the public had recognized it as a municipal corporation. The court held that because of laches on the part of the state it was deprived of the right of inquiring into the validity of the corporation. The court, in part, said: "Municipal corporations are created for the public good, are demanded by the wants of the community, and the law, after long-continued use of corporate powers and the public acquiescence, will indulge in presumptions in favor of their legal existence. The law will incline to sustain, rather than to defeat, them. It would seem incompatible with good faith and against public policy, although irregularities may have intervened in the organization of the town, now to hold that it is not a body corporate." The case of *State v. Town of Westport,* 116 Mo. 582, 22 S. W. 888, was one by quo warranto to annul the charter of a city on account of irregularities that had intervened in the organization proceedings had under the generel laws of Illinois. In it the court discussed and followed the cases of *State v. Leatherman, supra,* and *Jameson v. People, supra.* In the opinion is found this reasoning: "If there is to be no limit to such proceedings, and if at any period of time, however remote from the time of the organization of a municipality, a proceeding by quo warranto can be resorted to, and such municipality and its officers ousted of their franchises because of irregularity in its organi-

zation, it would effectually destroy the credit of munici-
palities generally to such an extent as to render it im-
possible to grade and improve their streets, or to con-
struct any kind of improvements promotive of the
health, welfare, and convenience of their inhabitants,
and issue bonds or tax bills in payment thereof. People
would be unwilling to labor for such cities, and capi-
talists to invest in their bonds, for fear of their disorgan-
ization." Notwithstanding only 12 years had elapsed
from the irregular organization until the filing of the
information the court held that the state was deprived
of the right to dissolve the corporation on the grounds
of laches.

On the foregoing authorities, as well as in view of
our own cases, which fully recognize the doctrine that
the courts are vested with a discretion and may refuse
a judgment of ouster if, in their opinion, the interests
of the public do not require such judgment, the court
is of the opinion that, as the people of Pell City organi-
zed themselves under color of law, at least, into a munic-
ipal corporation more than 16 years before the filing of
this information, and have gone on, year after year,
during that time, exercising the usual franchise, and
as the corporation has been distinctly and unequivocally
recognized by the legislative department of the state, no
inquiry should be now permitted, looking to the undo-
ing of their corporate existence.—*Capital City Water
Co. v. Macdonald,* 105 Ala. 425, 426, 18 South. 62, 29
L. R. A. 743; *State v. United States, etc., Co.,* 140 Ala.
610, 37 South. 442, 103 Am. St. Rep. 60.

Let the judgment of the circuit court, denying relief
to the petitioners, be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., con-
cur.