# Foshee, *et al. v.* Kay, *et al.*

### Quo Warranto.

#### (Decided June 8, 1916.   72 South. 391.)

1. **Municipal Corporations; Incorporations; Plat.**—Under § 1053, Code 1907, the attaching of an accurate map or plat to the petition for incorporation is jurisdictional.

2. **Same.**—Under said section a plat setting up sections, township, range and county, and other marks, calls and objects which would enable identification of the territory, if township and range had not been given, is not fatally defective because of a description on the margin, placing the territory to be incorporated in the wrong township.

3. **Same.**—Such section does not require the plat to be so accurate as not to premit of immaterial errors, but substantial compliance was sufficient if the territory may thereby be located with reasonable certainty.

4. **Evidence; Judicial Notice; Public Survey.**—The courts take judicial knowledge of the fact that the Mobile & Ohio Railroad crosses the Southern Railroad Company in Chilton county in township 21, and not in township 20, such fact being disclosed by state and county maps, and general surveys of the state.

5. **Municipal Corporation; Incorporation; Petition.**—Under § 1053, Code 1907, the fact that the order of the probate judge, which recited that certain things satisfactorily appeared, failed to recite that proof of qualification of voters was made, or how it was made, was not fatal to the incorporation.

6. **Evidence; Presumption; Regularity of Judicial Proceedings.**—Where orders were made by a probate judge in incorporation proceedings under § 1053, Code 1907, and were not dated, it will be presumed that they were made at the proper time, in the absence of a contrary showing.

7. **Municipal Corporations; Incorporations; Orders; Conclusiveness.**—Under § 1058, Code 1907, the finding of the judge of probate that an election for an incorporation was regular and valid, is conclusive as against an attack upon its regularity.

8. **Appeal and Error; Harmless Error; Evidence.**—In proceedings to incorporate a municipality where there was no latent ambiguity in the plat filed with the petition, but simply an error which was self correcting by resort to common knowledge, the admission of parol evidence to explain the plat was error, but without injury.

[Foshee, et al. v. Kay, et al.]

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Petition, on the relation of Hill J. Foshee and others, for quo warranto to inquire into and determine the legality of the incorporation of the community of Maplesville, Ala., directed to W. E. Kay and others, as officers of said municipality. From a judgment for respondents relators appeal. Affirmed.

The order referred to as found on page 7 of the original record is as follows:

And it appearing to the court that said enumeration had been completed, and that the provision of the law for the incorporation of municipalities have been, in all respects, complied with, it is therefore ordered, adjudged, and decreed that the residents of such territory be, and they are, declared incorporated under the laws of the state of Alabama under the name of Maplesville, and with the boundaries set forth in the petition in this case, and with all the rights and powers granted by the laws of Alabama to such corporation.

Signed, E. B. Deason, Judge of Probate, but without date. Order on page 26, original record, same as that on page 7, but without date. Order on page 27 of supplemental record is the same as on first order set forth but without date, followed by the certificate and result of the election as to incorporations, 36 voting incorporation and 10 voting no incorporation, and also an order for an election.

CURRY & WALKER, and HILL, HILL, WHITING & STERN, for appellant. LAVENDER & THOMPSON, and SMITH & GERALD, for appellee.

ANDERSON, C. J.— (1-4) Section 1053 of the Code of 1907 provides for the incorporation of municipalities by application to the probate judge of the county, and, among other things required, is that the petition shall have attached thereto and as a part thereof an accurate plat of the territory proposed to be embraced within the corporate limits. The attaching of an accurate map, as provided by the statute, was held to be essential to the jurisdiction of the probate judge to act in the matter, in the case of State, ex rel. Allen v. Town of Phil Campbell, 177 Ala. 204, 58 South. 905. It was held also that the attaching of an inaccurate plat, or one that was void on its face, would not be a

compliance with the statute.    There the plat attached was void
upon its face, as there was no definite description of the territory
proposed to be incorporated or marks or calls of identification so
as to locate the property intended to be embraced.    The plat in
the instant case does not possess such infirmities, but sets up the
sections, townships, range, and county and certain other marks,
calls, and objects which would enable an identification and loca-
tion of the territory to be embraced, even if the township and
range was not given.    It is agreed, however, that the description
set out upon the margin of the plat is erroneous in placing the
territory in township 20 instead of 21, and the appellant con-
tends that the plat was therefore inaccurate, and that the probate
judge was without jurisdiction to proceed in the matter.    This
was an error, of course, but, according to our view, the said
error is corrected by the plat itself, and the said plat, when
taken in its entirety and aided by judicial knowledge, should be
so construed as locating the territory in township 21, and not
township 20, and, said error being so corrected, the plat was, to
all intents and purposes, an accurate description of the territory
embraced therein, and was a substantial compliance with the
statute.    The statute does not mean that the plat must be so accu-
rate as not to permit immaterial errors, but it is complied with
if it is substantially correct, and so defines or displays the terri-
tory as to enable its location and discloses the boundaries and
topography with a reasonable degree of certainty.    Here we have
a plat disclosing the boundaries of the territory as per a survey,
with the starting point disclosed, setting up the sections and con-
taining therein certain objects of identification, to wit, the Mobile
& Ohio Railroad and the Southern Railroad, the course and direc-
tion of same as traversing the defined territory, and also disclos-
ing the crossing of said railroads within the bounds of said de-
scribed territory.    We think that this court has judicial knowl-
edge of the fact that the crossing of the Mobile & Ohio Railroad
and the Southern Railroad in Chilton county is in township 21
and not township 20.    This fact is disclosed by many records
and memorials of which this court takes judicial knowledge, such
as state and county maps and the general surveys of the state.
It is therefore apparent, upon the face of the plat, aided by judi-
cial knowledge as to the location of the railroad crossing in ques-
tion, that it discloses an intention to incorporate the territory
there set up as including this railroad crossing, certain parts of

the tracks, the depots, etc., and that the location of the proposed municipality in township 20 was an error, not only apparent upon the plat, with the aid of judicial knowledge, but that said error was corrected by the plat, when taken and considered in its entirety.—*Chambers v. Ringstaff*, 69 Ala. 140. The plat sets out the sections and the railroad crossings, and the same cannot be anywhere in Chilton county except in township 21. In other words, apart from judicial knowledge as to the township in which these railroads cross, there is not a competent surveyor who would locate the territory in township 20, or who would not locate or find the town in township 21. Suppose a plat located the territory as being in certain sections in Montgomery county immediately east of the Alabama river, but placed it in a township which was six miles or further from the river, would this court hesitate in holding that the error was self-correcting and in placing the same in the township, which contained those parts of the sections immediately east of the river in the only township in which this could be so located? We think not. As to the method of construing deeds, we are not concerned, and whether the rule here adopted should apply to deeds we do not decide, as we are not dealing with conveyances, but with a plat showing the location of an existing village or community seeking to be incorporated, and which locates beyond doubt the territory embraced, notwithstanding it is erroneously placed in township 20 instead of 21.

(5) The petition in question was signed by not less than 25 persons purporting to be qualified electors residing within the limits of the proposed municipality. Section 1053 provides that: "Proof of the residence and qualifications as voters of the petitioners shall be made to the judge of probate, by affidavit, or otherwise, as he may direct."

The order of the probate judge recites that these facts appeared to the satisfaction of the court; and, while it does not say that proof of the fact was made, we think that this judicial ascertainment was by proof of some kind, and the character of which was discretionary with the probate judge, and that the failure of the order to recite that proof was made, or how it was made, was not fatal to the incorporation.

(6) We do not think that the orders as found on pages 7 and 26 of the original record and page 27 of the supplemental record are void for uncertainty or because not specifically dated. In the

[Railroad Commission v. Louisville & Nashville R. R. Co., et al.]

first place, being judicial in character, we would assume that they were made at the proper time, the contrary not appearing, but we think that the date of the orders could be referable to the date immediately preceding the same.

(7) Section 1058, among other things, authorizes the judge of probate, for fraud or other material irregularities, to set aside either of said elections and order another one, and the points made against the incorporation growing out of any irregularities as to the election were foreclosed by the finding of the judge that that the election was regular and valid.—*Phil Campbell Case*, *supra.*

(8) We are not impressed with the theory upon which this case was tried in the lower court, and as presented by counsel for appellees, that the error as to the township was a latent ambiguity, subject to explanation by parol evidence.—*Donehoo v. Johnson*, 120 Ala. 438, 24 South. 888; *Guilmartin v. Wood*, 76 Ala. 204. As we view the plat, there was no latent ambiguity, simply an error or mistake on the face of same, when resort is had to common knowledge in connection therewith, and which said mistake or error was self-correcting, and while the trial court erred in permitting parol evidence to explain or qualify the plat, it was error without injury, as the court could have well found that the plat was so accurate as to locate and describe the territory in question and complied with the statutory requirement.

The judgment of the circuit court is affirmed.

Affirmed.

McClellan, Sayre, and Gardner, JJ., concur.