(92 South. 250)

## STATE ex rel. MARSH v. TOWN OF BOYLES. (6 Div. 531.)

(Supreme Court of Alabama. Dec. 22, 1921.)

Municipal corporations ⬥33(5)—Where description of territory to be incorporated failed to describe that shown by plat filed, proceeding will be quashed.

In a proceeding under Code 1907, §§ 1053, 1055, 1056, to incorporate a municipality, a description by metes and bounds of the proposed territory in the petition filed with the probate judge being contemplated by the statute where descriptions of the territory to be incorporated failed to describe the identical territory shown by the plat filed, the entire proceeding was void.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Petition by the State of Alabama, on the relation of J. M. Marsh, to quash the order incorporating the Town of Boyles. From a judgment denying the petition and dismissing the same, the relator appeals. Reversed and rendered.

The following is the description set out in the petition, as well as the description entered in the order of the judge of probate, creating the corporation:

"For point of beginning start on the boundary line of Boyles at the southeast corner of section six (6), township seventeen (17), range two (2) west, in Jefferson county, Alabama, thence run west along said section line to the eastern boundary line of the right of way of the main line of the Louisville & Nashville Railroad, thence in a northerly direction along said Louisville & Nashville Railroad eastern boundary line to the northerly bank of Five Mile creek, thence south westerly along the northerly bank of said creek to the northern line of the southeast quarter of the southwest quarter of section six (6), to township seventeen (17), range (2) west, thence west to the northwest corner of forty (40)-acre tract, thence south along the west line of said southeast quarter of the southwest quarter to the northerly or westerly boundary line of the old Birmingham Mineral Railroad grade, thence in a southwesterly direction along said northerly and westerly boundary line of the old Birmingham Mineral grade to the north line of section seven (7), township seventeen (17), range two (2) west, thence west to the northwest corner of said section seven (7), thence south along the west section line of said section seven (7), and of section eighteen (18), township seventeen (17), range two (2) west, to the city limits of Birmingham, thence east to the southeast corner of northwest quarter of northwest quarter of said section eighteen (18), thence south along the quarter section lines to the north line of south half of north half of said section eighteen (18), thence east along said line to the southwest corner of the present town of Inglenook, being the southwest

corner of the southeast quarter of southeast quarter of said section eighteen (18), thence north along the western boundary line of the town of Inglenook, to the south side of Louisville street (Bendale survey), thence west to the eastern boundary line of the right of way of Louisville & Nashville Railroad, thence north along said Louisville & Nashville boundary line to the north side of the Birmingham Waterworks Canal right of way, thence in a northeasterly direction along said right of way to the boundary line of the town of Tarrant city, thence west along said boundary line to the west line of section eight (8), township seventeen (17), range two (2) west, thence north to the point of beginning."

Below is a plat indicating the territory referred to herein:

PROPOSED LIMITS OF CITY OF BOYLES

TOWNSHIP 17, RANGE 2 WEST.

Jerome Edmundson, of Birmingham, for appellant.

The description of the corporate limit contained a patent ambiguity on its face, and is therefore void. 69 Ala. 140; 142 Ala. 698, 39 South. 92, 110 Am. St. Rep. 55; 142 Ala. 698, 39 South. 92; 177 Ala. 204, 58 South. 905; section 1053, Code 1907.

Murphy, Murray & Hanna, of Birmingham, for appellee.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Absolute accuracy is not required, substantial compliance being sufficient. 197 Ala. 157, 72 South, 391. The court takes judicial knowledge of the boundaries of the city of Birmingham, Inglenook, and Tarrant City, as being in Jefferson county, and judicially knows the boundary. 197 Ala. 157, 72 South. 391.

SAYRE, J. The purpose of this proceeding is to dissolve a municipal corporation known as Boyles in the county of Jefferson. Relator has appealed from the judgment of the circuit court dismissing the petition and quashing'the writ by which he sought to accomplish the end desired.

The proceeding for the incorporation of Boyles was essayed under article 2 of chapter 32 of the Code of 1907. Section 1053 of this article provides for the filing of a petition by the inhabitants of the "unincorporated territory," and that—

"Such petition shall state the proposed name of such municipality, and shall have attached thereto and as a part thereof an accurate plat of the territory proposed to be embraced within the corporate limits."

If the proceeding here in question rested, and could be permitted to rest, unaided upon the plat filed with the probate judge and the judicial knowledge we have of attingent municipalities, we would not be willing to say that the incorporation of the territory· so shown should be declared a nullity by reason of inaccuracies or inefficiencies shown by the plat. But no doubt the statute contemplates a description by metes and bounds of the proposed territory in the petition filed with the probate judge, and in this case there was an effort to file such petition—a petition of a sort was filed. Section 1055 of the article referred to provides for an election on the question "corporation" or "no corporation" by qualified electors residing within the boundaries of the proposed city or town, and section 1056 provides, in the event of a majority for corporation, for an enumeration of the inhabitants of the territory, after which the probate judge "shall make an order to be entered of record in the minutes of the court, that the inhabitants of such territory are incorporated as a town or city," etc. In this case an election was held as for the territory described in the petition and an enumeration of the inhabitants "residing within said territory" was made, and thereupon the judge of probate made an order of record upon the minutes of the court, that is, it was "considered, ordered, adjudged, and decreed by the court that the inhabitants of said territory be and they·are hereby incorporated as a town and that the name thereof is Boyles, and that the boundaries of said town are as set out in the petition filed herein, viz.," and here follows a description accord-

ing to the petition. But this and all other descriptions of the territory to be incorporated shown by the record fail to describe the identical territory shown by the plat filed as required by section 1053—indeed, the description of the southern boundary is impossible. One result—it is alleged, and not denied—is that the officers of the alleged town of Boyles have been exercising authority over 160 acres of territory, which are shown by the plat but cannot by any interpretation be brought within the description employed in the various· steps of the proceeding, and in the judgment of the court of probate, which latter describes· the territory by metes and bounds and not otherwise. Moreover, we repeat, the description is impossible.

The question as to how such deficiency as· we have under consideration should affect an attempted incorporation was expressly pretermitted in State ex rel. Allen v. Town of Phil Campbell, 177 Ala. 204, 58 South. 905,. nor was this question raised in Foshee v. Kay, 197 Ala. 157, 72 South. 391, cases cited. in the briefs.

On the facts disclosed by the record before us, the trial court erred in dismissing appellant's petition. He should have quashed the incorporation proceedings. Such will be the judgment of this court.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.