**STATE ex rel. COOPER et al. v. ELLIS et al. (7 Div. 444.)**

(Supreme Court of Alabama. May 22, 1924. Rehearing Denied June 19, 1924.)

**1. Process ⊚≈84—Service by publication must be based on statute.**

Service of notice by publication is ineffective in the absence of statute authorizing same.

**2. Records ⊚≈17(2, 3)—Courts have inherent power to restore and substitute lost records.**

Courts have inherent power to restore and substitute lost records.

**3. Records ⊚≈17(5)—Failure to give notice in proceedings to restore lost records of incorporation held not to affect validity thereof.**

Failure of court in proceeding to restore lost records of incorporation of town to give notice to those who had participated in election under incorporation proceedings *held* not to affect the validity of incorporation.

**4. Municipal corporations ⊚≈12(10)—Validity of incorporation not affected by delay in recordation of order; "entered of record in minutes of court."**

Code 1907, § 1056, requiring order of incorporation "to be entered of record in the minutes of the court," is sufficiently complied with if the order is made in writing and in due course is recorded in the minutes, though such recordation is delayed because of loss of the papers.

**5. Municipal corporations ⊚≈12(3) — Plat used in incorporation held sufficient.**

Plat attached to petition in proceedings for incorporation of town *held* to sufficiently show extent of territory and designate its boundaries.

**6. Evidence ⊚≈25(2)—Courts take judicial knowledge of towns both before and after incorporation.**

Courts take judicial knowledge of particular town or village on particular railroad both before and after petition filed for purpose of incorporation.

**7. Municipal corporations ⊚≈50—Public policy opposes forfeiture of charter.**

Public policy is against forfeiture of charter of municipal corporation if same can be sustained within law and presumptions.

**8. Municipal corporations ⊚≈20—Record of incorporation of town held properly admitted in quo warranto proceedings.**

In quo warranto proceedings questioning validity of incorporation of town, substituted record, map, and proceedings had before pro-

bate judge and minutes of that court pertaining to that incorporation *held* properly admitted in evidence.

Appeal from Circuit Court, De Kalb County; W W. Haralson, Judge.

Proceeding in quo warranto by the State of Alabama, on information of O. P. Cooper and another, against J. W. Ellis and others, as Mayor, Councilmen, and officers of the municipality of Valley Head, to exclude them from exercising corporate rights and privileges. From a judgment denying the writ and dismissing the petition, relators appeal. Affirmed.

Isbell & Scott, of Ft. Payne, for appellants.

There is no statute providing substitution of records such as in this case. An order of substitution made without notice is void. 34 Cyc. 608; De Wolfe v. Boswell, 65 Ill. App. 65; Wise v. State, 208 Ala. 58, 93 South. 886. The plat not showing the extent of the territory, and nothing from which it could be ascertained where the lines run, is insufficient. State ex rel. v. Boyles, 207 Ala. 59, 92 South. 250; Smith v. Eclectic, 18 Ala. App. 329, 92 South. 212; Foshee v. Kay, 197 Ala. 157, 72 South. 391; Allen v. Phil Campbell, 177 Ala. 204, 58 South. 905; Wise v. State, supra; West End v. State ex rel., 138 Ala. 295, 36 South. 423.

Bailey & Weaver, of Ft. Payne, and W. T. Murphree, of Gadsden, for appellees.

The judgment of substitution was not void for failure of notice; no statute requiring it. Wilkerson v. Branham, 5 Ala. 608. The plat meets the requirements of the statute. Foshee v. Key, 197 Ala. 157, 72 South. 391.

THOMAS, J. The proceeding is quo warranto to test the validity of the incorporation of the town of Valley Head. The writ was denied, and the petition dismissed.

The real question propounded is: Does the record, as substituted, show an incorporation of said municipality? No attack is made on the sufficiency of the citizens' petition to incorporate, or the qualifications of the persons signing the same. The judge of probate ordered the election, and gave the required notice thereof. The election was held pursuant to such order and notice, and the returns thereof canvassed showed that a majority voting was in favor of incorporation. A census was taken, as required, and that showed more than one hundred population. Thereafter the probate judge made an order declaring the due incorporation of the municipality. This order was not, at the time of its issue, recorded on the minutes of the probate court of De Kalb county, but was later so recorded.

The town elected officers who served their terms. The mayor and aldermen against whom this proceeding is filed had been regularly elected at the time prescribed by law for holding municipal elections, and the town has been functioning as a regularly organized municipal corporation since said first election of officers. Some time after the organization of the municipality it was discovered that some of the papers had been lost or destroyed, and that the order declaring the town incorporated had not been recorded on the minutes of the probate court. The municipal authorities began proceedings before the probate judge to substitute the lost records, which was done in due course, and the order of incorporation was recorded on the minutes of the probate court of said county, all of which had been done at the time of the trial of this cause.

It is conceded by counsel for appellant that there is no statute in this state governing the substitution of lost papers in a matter of this kind, and that substitution could only be made by the court in the exercise of its inherent power to preserve its own records, and which power was recognized by the common law.

The quotation of counsel from 34 Cyc. 606, 608, referring to notice as a part of the procedure, is inapplicable in this case. The reference to notice to the opposite party evidently has reference to a cause of action between litigants who are opposite parties. The proceeding to establish a municipality is a statutory ex parte proceeding in which there is no adverse party, and there could be no service on a party that did not exist. The only information the probate judge could have is that at the time of the election a certain number of voters were in favor of incorporation, and a certain number were against it, but who they were he could not know under the rule of secrecy which attends an uncontested election.

[1] It is suggested that notice of substitution might have been given by publication; but this form of service can only be effective when provided for by statute as in the Illinois case cited in appellant's brief. De Wolfe v. Boswell, 65 Ill. App. 65. The question of notice on proceedings for substitution, without a statute providing therefor and the procedure to that end, came before this court in Wilkerson v. Branham, 5 Ala. 608, where the following language is used:

"As a precautionary measure, to prevent injustice from being done, we are prepared to say, that where the motion is made after judgment, notice should be given, yet it must be regarded as a mere question of practice, and we are inclined to think, if the court act without it, its judgment would not be reversible."

[2] The inherent power of the court to substitute was the subject of discussion in the following cases; Oswitchee Co. v. Hope & Co., 5 Ala. 629, 633; Murray v. Tardy, 19 Ala. 710; Ganaway v. State, 22 Ala. 772; Ortez v. Jewett & Co., 23 Ala. 662; Taylor v. McElrath, 35 Ala. 330; Bradford v. State, 54 Ala.

230. In Wise v. State, 208 Ala. 58, 93 South. 886, this inherent power in a court of general jurisdiction to restore and substitute its lost records was declared to exist under the common law, and "independently of statute." It was said of the jurisdiction of a court of chancery and at common law in such matters:

"'The jurisdiction, being concurrent, will be maintained only: First, when a court of law cannot grant suitable relief; and, secondly, when the party has a conscientious title to relief. Both grounds must concur in the given case; for otherwise a court of equity * * * is bound to withhold its aid.'" Mr. Justice Blackstone said: "'Many accidents are supplied in a court of law; as loss of deeds. * * * And many cannot be redressed even in a court of equity. * * *' 3 Black. Comm. 431; Story, Eq. Jur. (13th Ed.) p. 88, § 79; Id. (14th Ed.) §§ 119, 120."

[3] If action without notice under the common law and its application in this jurisdiction was held (before the statute) as not "reversible" where there is an adverse party (Wilkerson v. Branham, supra) who could be served with notice, certainly it would not be reversible error where there is no known person who is adversely interested. A holding requiring notice to those who participated in such election should 'be given would deprive a court of all power to substitute such lost records. Moreover, it will be noted that no attack is made as to the correctness of the substituted records, and no suggestion is made of any abuse of the power of the probate court in substituting these records.

Some emphasis is made in appellant's brief about the order declaring the town of Valley Head incorporated not being immediately recorded on the minutes. Without any dispute the order was reduced to writing and in due form, though not recorded, and at the time of the trial of this cause the same was recorded on the minutes of that court. The language of the statute defining the duty of the probate judge in that behalf is: " * * * shall make an order to be entered of record in the minutes of the court." Code, § 1056. State ex rel. Marsh v. Town of Boyles, 207 Ala. 59, 92 South. 250. The instant section has not been construed by this court in the respects indicated, yet the presumptions obtaining under other sections of the Code were indulged in favor of the municipality in Foshee v. Kay, 197 Ala. 157, 72 South. 391.

[4] If the order is made in writing and in due course is recorded on the minutes, every purpose of the law is met. Here the record of the order, which was duly made, in proper form, was delayed because of the loss of the papers, but all had been restored to the record by the court in the exercise of its inherent power, and the order recorded as required by the statute, at the time of the trial of this cause.

[5] The only attack made on the record of the incorporation proceedings is directed to the plat which was attached to the petition— that there is nothing about the plat to show the extent of the territory and to designate its boundaries, etc. This contention is not supported by the plat certified to this court for inspection. The course and distance of every line is accurately stated. A government land corner is located in the territory, and the distance of this corner from the boundary line is stated in feet along the land line. The testimony is without dispute that any surveyor could start at this land corner inside the territory, follow the land line the distance named to its intersection with the boundary line shown on the plat, and locate every line and corner shown on the plat. The plat also shows the location of the Alabama Great Southern Railroad, its depot, certain roads and well-known objects, so that there could not be mistake as to the location and boundaries of the territory of the municipality of Valley Head. Thus it is distinguished from the plat held insufficient in State ex rel. Marsh v Town of Boyles, 207 Ala. 59, 92 South. 250.

[6] This court takes judicial knowledge of the town or village of Valley Head on the Alabama Great Southern Railroad before and after the petition and map were filed with the purpose of incorporation. Kay & Son v. Alabama Cotton & Grain Co., 100 South. 863; [1] McGowin L. & E. Co. v. Camp Lbr. Co., 16 Ala. App. 283, 286, 77 South. 433. The map meets the requirements of the statute. Foshee v. Kay, 197 Ala. 157, 72 South. 391; State ex rel. Marsh v. Town of Boyles, supra.

[7] The town of Valley Head exercised its corporate franchise, as we have indicated, and was brought within the rule announced in State ex rel. Roberson v. Town of Pell City, 157 Ala. 380, 47 South. 246. Public policy is against the forfeiture of the charter of municipal corporations, if the same can be sustained within the law and presumptions that have been indulged in that behalf; and especially should this be true where the people of a community have organized themselves into such corporation, to secure to themselves better protection against disorder and the advantage of co-operative effort for the general welfare.

[8] The substituted record, map, and proceedings before the probate judge, and minutes of that court pertaining to the incorporation of the town of Valley Head, were properly admitted in evidence.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

[1] Ante, p. 454.