168 So. 433

**STATE ex rel. KINNEY v. TOWN OF STEPPVILLE et al.**

**6 Div. 957.**

Supreme Court of Alabama.

May 21, 1936.

James & Stewart, of Cullman, for appellees.

H. H. Kinney and Kenneth Griffith, both of Cullman, and S. A. Lynne, of Decatur, for appellant.

THOMAS, Justice.

The proceeding in the circuit court was quo warranto to test the validity of the incorporation of the town of Steppville, and the legality vel non of the acts of its officials.

The minutes of the probate court in evidence disclose that the municipality was organized and incorporated (as New Hanceville, the name being subsequently changed), and has acted in good faith as such municipality since 1921, under the terms of sec-

tions 1053–1055 of the Code of 1907, and section 1744 of the Code of 1923.

We have examined the petition as passed upon and ascertained by the judge of probate to confer jurisdiction, and on which that official, the citizenship, electorate, and duly qualified voters resident in that territory were affected and acted upon in the premises. We hold the petition to have been a compliance with the law in the respect of incorporation.

The judgment shown by the record includes the material, ascertained facts, as conditions precedent to a valid municipal incorporation of the class of municipalities to which the statute has application. Among other things, the judgment recites:

"* * * That upon the presentation and filing of said petition or application, it was held and decided by me as Probate Judge, as shown by an order made on the 26th day of August, 1921, and entered upon the minutes of the Probate Court in Vol. ——— Page ——— and herein again reentered, stated, held and decided that the territory described in said petition and the plat thereto attached was an unincorporated community, which said unincorporated community had a population of not less than one hundred inhabitants; that said territory therein described in said petition was situated in the county of Cullman, State of Alabama; that said petition was in writing and signed by not less than twenty-five qualified electors, each of whom resides within the limits of said proposed municipality; that said petition stated the proposed name of such municipality and had attached thereto and as a part thereof, an accurate plat of the territory proposed to be embraced (by) said corporate limits; that said petition complied with all the provisions of section 1053 of Article 2 of the Political Code of 1907; that sufficient proof was made to be as Judge of Probate, by oral testimony to show that each of said persons whose names were signed to said petition resides within the limits of said proposed corporation or municipality, and was and is a qualified elector and votor therein, and that in and by said order an election was directed, by me, as Probate Judge, to be held on Monday, the 22nd day of August, 1921, for the purpose of ascertaining and determining whether or not a majority of the qualified electors residing within the corporate limits of said proposed municipality as designated in the petition and the plat thereto attached and a part thereof, and filed with the said petition, favor incorporating said territory as a municipal corporation, under the name of the town of New Hanceville, and that the store room of J. T. Drake, which said place is located within the limits of said town was designated as a place for the holding of said election. * * *

"That on the 26th day of August, 1921, * * * election inspectors or managers * * * certified to me, as Judge of Probate, the result of said election which said certificate was made and filed with me as Probate Judge by said inspectors, on the 26th day of August, 1921, same being within five days after the 22nd day of August, 1921, the day on which the election was so held; that at said election there were 41 votes cast in all and that of said 41 votes cast at said election corporation received 24 votes, and no corporation received 17 votes; that a majority of said votes cast at said election were cast for 'corporation'; that in the order made by me, as Probate Judge filing the certificate of said inspectors, certifying as aforesaid the result of said election, C. T. Lambert, T. A. Williams and Ed Ashwander, said inspectors heretofore appointed to manage said election were appointed and ordered to proceed to make and take an enumeration of the inhabitants residing within the territory as specified and designated in the petition and plat thereto attached and a part thereof," etc.

"It is therefore ordered, adjudged and decreed that the inhabitants of the territory embraced within the boundaries designated or shown by said petition and plat thereto attached and a part thereof, and also set out and shown by an order made on the ——— day of July, 1921, be and the same hereby are incorporated as the town of New Hanceville, Ala., that said town of New Hanceville, Ala., be and the same hereby is incorporated as town and is vested with the rights and powers granted by law to the inhabitants of such corporations."

It is insisted that the plat recited to have accompanied the petition and conformed to the description employed of the territory to be embraced in the incorporation is not on this trial to be found of record or attached to the petition of which the judge of probate assumed jurisdiction and adjudged. Whitaker v. Kennamer et al., 229 Ala. 80, 155 So. 855.

■ The description in the petition is by governmental subsections, of which the

court takes judicial knowledge, and which did not come within the decision of State ex rel. Marsh v. Town of Boyles, 207 Ala. 59, 92 So. 250, wherein the description and plat did not correspond and it was held that the entire proceeding was void for such failure of statutory compliance.

The facts here are different from those of State ex rel. Wagnon v. Town of Altoona et al., 200 Ala. 502, 76 So. 444. Neither is this case brought within the decision of State ex rel. Allen et al. v. Town of Phil Campbell et al., 177 Ala. 204, 211, 58 So. 905, 907, where a description of land by sections, without mentioning the township and range, and without other marks and calls to show what sections are meant, held to present a patent ambiguity which cannot be aided by parol proof, as to the intention of the parties, or as to the property intended to be embraced, and "therefore the plat is void." See, also, Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874; Foshee et al. v. Kay et al., 197 Ala. 157, 72 So. 391.

In the instant case the plat is recited to have accompanied the petition and to contain an accurate description of the territory by government survey. It is likewise recited in the several documents before us that the petition was accompanied by a plat, attached thereto and as a part thereof; that it was an accurate plat of the territory proposed to be embraced within the corporate limits. The court recited in its initial order that the territory proposed to be incorporated was that described in the petition and plat thereto attached, and that the petition contained as a part thereof an accurate description and plat of the territory proposed to be embraced in said corporate limits. The decree of the court submitted the question of "corporation" or "no corporation" to the electorate of the territory to be affected thereby. We have indicated that the decree recited the existence and coincidence of the description and plat; that it was attached to and made a part of the petition. It is manifest from the assumption of jurisdiction and the several recitations of such jurisdictional fact that there was a sufficient plat attached to the record to justify incorporation at the time the jurisdiction of the probate court was invoked and assumed. Whitaker v. Kennamer et al., 229 Ala. 80, 155 So. 855.

The solemn judgment of the court attests the fact of jurisdiction invoked and assumed; the validity of the petition on which action was taken for a due incorporation of the municipality. Louisville & N. R. Co. v. Tally, 203 Ala. 370, 83 So. 114; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14; Williams v. Overcast et al., 229 Ala. 119, 155 So. 543.

We find no error in the evidence as to the introduction of records of the municipality, showing action taken and liabilities incurred under its incorporation. Public policy opposes forfeiture of the charter of municipal corporations, if the same can be sustained within the law and presumptions that obtain in that behalf; and the record of incorporation of a town held properly admitted in quo warranto proceedings. State ex rel. Cooper et al. v. Ellis et al., 211 Ala. 489, 100 So. 866; State ex rel. Roberson v. Town of Pell City, 157 Ala. 380, 47 So. 246.

It is further held that quo warranto, seeking to exclude territory from a city, was in the name of the state, did not preclude the defense of acquiescence in the city's jurisdiction and powers as such corporation. State ex rel. Martin v. City of Gadsden, 216 Ala. 243, 113 So. 6; State ex rel. Roberson v. Town of Pell City, 157 Ala. 380, 47 So. 246. That is to say, where a long acquiescence is shown, the incurring of obligation in corporate existence supports the sound discretion exercised in the judgment rendered in a proper case by the trial court. Floyd et al. v. State ex rel. Baker, 177 Ala. 169, 184, 59 So. 280; Thompson on Corporations, § 6812.

Adverting to appellees' contention, the description of the territory proposed by the petition to be embraced in the municipal incorporation in question was distinct and so indicated in the decree, which recites:

"After duly considering said petition, and being now fully satisfied and now finding that the territory described in said petition and the plat thereto attached is an unincorporated community which has a population of not less than one hundred inhabitants, and that the territory proposed to be incorporated, as described in said petition and plat thereto attached, is situated in Cullman County, Alabama; that said petition is in writing and is signed by not less than 25 qualified voters and electors, each of whom resides within the limits of said proposed incorporation; that said petition states the proposed name of such municipality, and has attached thereto and as a part thereof an accurate description and plat of the ter-

ritory proposed to be embraced in said corporate limits, and that said petition complied with all the provisions of section 1053 of Article two of the Political Code of 1907. * * *

"Now, therefore, in consideration of the foregoing, and by authority conferred upon me by Section 1054, Article 2 of the Political Code of 1907, I * * * do hereby direct that an election be held on Monday the 22nd day of August, 1921, * * * for the purpose of ascertaining and determining whether or not a majority of the qualified electors residing within the limits of said proposed municipality as designated in the petition and the plat attached to and filed with said petition, favor incorporating said territory," etc.

"It is therefore ordered that notice be given * * * that such election will be held on Monday, the 22nd day of August, 1921, * * * and that a plat showing the limits of said proposed town is on file in the office of the Judge of Probate of Cullman County, Alabama."

The fact as ascertained by the probate court sufficiently shows the existence and accuracy of the plat or description of the territory to be embraced in the incorporation under section 1053 of the Code of 1907, and the same may not now be questioned.

The judgment of the circuit court is, therefore, affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.