# West End *v.* The State, *ex rel,* etc.

*Quo Warranto Proceedings to dissolve Municipal Corporation.*

1. *Quo warranto proceeding to dissolve corporation; relator should be made party plaintiff.*—In a *quo warranto* proceeding, instituted for the purpose of having an alleged municipal corporation dissolved, the relator should be joined with the State as a party plaintiff to the proceeding.

2. *Same; same; amendment.*—In a *quo warranto* proceeding to dissolve a municipal corporation, where a party who is a relator is not joined with the State as a party plaintiff, the information can be amended by the insertion of his name therein, and it is not necessary after such amendment to give a new security for costs.

3. *Quo warranto proceeding; can be resorted to for dissolution*

[West End v. The State, ex rel. etc.]

of municipal corporation.—Under the authority of the statute authorizing quo warranto proceedings as a remedy "when any association or number of persons acts within this State as a corporation without being duly incorporated," (Code. § 3420, subd. 3), such remedy may be resorted to for the purpose of dissolving a municipal corporation and for excluding the intendant and aldermen from the offices of such corporation.

4. Municipal corporation; certificate of probate judge does not preclude inquiry into the validity of incorporation.—The statutes of the State providing no way for contesting a petition for the incorporation of a municipality whereby the probate judge can judicially ascertain the qualifications of the petitioners, his action upon the petition is ministerial, and does not preclude inquiry into the validity of a petition in a quo warranto proceeding attacking the incorporation.

5. Quo warranto proceeding to dissolve municipal corporation; all inhabitants of town not necessary parties.—In a quo warranto proceeding seeking to dissolve a municipal corporation, all of the inhabitants of said municipality are not necessary parties to the proceeding.

6. Incorporation of municipality; petitioners must be freeholders as well as householders and qualified electors.—In order to authorize the incorporation of a municipality, it is necessary that at least fifty of the persons whose names are signed to the petition for incorporation should be freeholders, as well as householders and qualified electors, residing within the boundaries of the proposed municipality; and if the petition is not signed by fifty persons so qualified, it is ineffectual to authorize a valid incorporation, and the municipality can be dissolved on proper proceedings.

APPEAL from the City Court of Montgomery.

Heard before the Hon. A. D. SAYRE.

This was quo warranto proceeding, instituted for the purpose of dissolving a municipal corporation known as West End, which was located near the city of Montgomery. The proceeding was instituted by a petition addressed to the judge of the city court of Montgomery. The petition, as originally filed, was in the name of the "State of Alabama on the relation of John O'Leary," against West End, an alleged municipal corporation, W. A. Taylor, R. D. Lee, Jerry Bennett, John O'Gwynn, Presley Motes, and Ed Harper. It was averred

in the petition . that John. O'Leary, the relator, had given security for the costs of the proceedings; that the individuals named as defendants had associated themselves together "as intendant and aldermen of the alleged municipal corporation by the name of West End," and were passing ordinances and levying taxes as such intendant and aldermen, without being duly incorporated; that defendants purported to be an incorporated town by the name of West End, under the general laws of the State, having filed in the office of the judge of probate of Montgomery county, a petition for incorporation and having held an election of voters of said town, for the purpose of determining whether or not they should be incorporated; that in pursuance of the purpose of incorporation, there was filed in the office of the judge of probate of Montgomery county on January 1, 1903, a petition signed by eighty-seven persons, stating the boundaries and limits of the proposed town, and praying that they be incorporated under the name of West End; that said petition was not signed by as many as fifty qualified electors who resided in the boundaries of said town and who were householders and freeholders therein, as required by the statutes governing such matters, but that only thirty-nine of the persons who signed said petition were qualified electors, householders and freeholders; that the said petition was fraudulent and void and that the certificate of incorporation issued by the judge of probate was, therefore, invalid and not binding, and of no effect.

The prayer of the petition was that an alternative writ be issued, directing the defendants to show cause why they should not be excluded from the offices and franchises which they were usurping, and why judgment should not be rendered that the pretended municipal corporation of West End had no corporate rights, privileges and franchises, and that the same be dissolved. At the time of the filing of the petition, there was given security for costs, which was signed by three persons, but the relator was not one of the persons who signed said security. The defendants moved the court to dismiss the cause, for the reason that the relator did not, before or at the time of the petition, give security for

costs, as required by law. This motion was overruled, and the defendant duly excepted. The defendants then interposed two pleas of non-joinder, in the first of which it was averred that the relator, John O'Leary, was not joined with the State of Alabama as plaintiff. In the second plea of non-joinder the defendants set up that all the inhabitants of the town should be made parties defendant to the proceeding. The petition was amended by making the relator, John O'Leary, individually a party to the proceeding. The defendants demurred to the petition upon the ground that said petition was unauthorized by law, and that the proceedings in *quo warranto* could not be maintained. This demurrer was overruled. The defendants then filed the following pleas: "1. It denies each and every allegation contained in the petition, information of complaint. 2. It pleads in short by consent the general issue. 3. In answer to the petition, information or complaint this defendant admits that the persons named therein are its intendant and aldermen and are acting as such, but this defendant says further that this defendant was regularly and legally incorporated by the judge of probate of Montgomery county on the 6th day of January, 1903, and the order of said judge of probate is hereby referred to and made a part of this answer or plea.

"4. In answer to the petition, information or complaint this defendant says that it admits that the petition referred to by the plaintiff was filed with the judge of probate of Montgomery county on the first day of January, 1903, and that said petition was signed by 87 persons. This defendant hereby refers to said petition and makes it a part of this answer or plea. Defendant alleges that each one of said 87 persons represented in and by said petition that he was qualified to sign the same. And defendant further alleges that in truth and in fact as many as fifty of the signers of said petition were qualified under the law to sign the same. That when said petition was filed with the said judge he thereupon ordered an election to be held in said proposed town, his order is hereby referred to and made a part thereof; that in strict compliance with said order

an election was held, at which election a majority of the votes cast were for incorporation. That the inspectors of said election certified the result thereof to said judge of probate and he thereupon made an order of record incorporating said town of West End, which order is hereby referred to and made a part hereof. Defendant denies that said petition was fraudulent and void and alleges that it was in every respect according to law and that the charter issued to this defendant is regular and legal in every respect.

"5.    That when said petition was filed with the judge of probate he required that proof be made of the genuineness of the signatures thereto and as to whether or not as many as fifty of the signers thereto were qualified by law to sign the same, and that proof these facts were made before said judge which was satisfactory to him and he thereupon incorporated this defendant thereunder, and that said petition can not again be questioned collaterally in this action.

"6.    That the petition referred to in plaintiff's petition information or complaint has already been passed upon by the judge of probate of Montgomery county, that said judge had jurisdiction thereof, that said judge determined that the signatures were genuine and that as many as fifty of the signers thereto were qualified to sign the same and proceed to incorporate this defendant. And defendant alleges that said petition having been already once passed upon by a tribunal which had jurisdiction of the subject matter can not again be questioned in this action."

To the 1st and 2d pleas the petitioners demurred upon the grounds that they presented no answer to the petition and constituted no defense thereto, and that said pleas do not purport to be a return to the writ issued in said cause.

To the 3d plea the petitioners demurred upon the grounds that it does not purport to be a return to the writ issued in said cause, and that said plea does not set out facts showing the defendants were regularly and legally incorporated.

To the 4th plea the petitioners demurred upon the grounds that it does not purport to be a return to the

writ issued in the cause; that it fails to aver that fifty of the persons who signed said petition were qualified electors, and were also householders and freeholders within the boundaries of the proposed town.

To the 5th and 6th pleas the petitioners demurred upon the following grounds: "1. Plaintiffs assign as grounds of demurrer to said 5th plea each of the grounds above assigned as demurrers to pleas numbered 1, 3 and 4. 2. Because said plea numbered five shows on its face that the action of the judge of probate could not be *res judicata* in this cause. 3. Because said plea shows on its face that the proceedings before the judge of probate were of such a nature that the judge of probate could not bind this court as to the validity of the alleged corporation. 4. Because this court judicially knows that the judge of the probate court of Montgomery county has no jurisdiction to inquire into and pass upon the authority of defendants to act as a corporation." The petitioners' demurrers to 1, 2, 3, 5 and 6 pleas were sustained and the demurrer to plea 4 was overruled. The facts of the case adduced upon the trial of the cause, so far as necessary to be considered on the present appeal, are sufficiently shown in the opinion.

Upon the hearing of all the evidence, the court rendered judgment in accordance with the prayer of the petition, and ordered the corporation known as West End dissolved, and excluded the individual defendants from the exercise of any of the powers and franchises of the offices which they were pretending to be filling in accordance with said alleged incorporation of West End. After the rendition of the judgment, the defendants made a motion for a new trial, based upon the rulings of the trial court which were adverse to the defendants. This motion was overruled, and the defendants duly excepted. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

C. H. ROQUEMORE, for appellant, cited, 5 Amer. & Eng. Ency. Law, (1st ed.), 445; *Taylor v. State*, 31 Ala. 383; *State v. Town Council*, 30 Ala. 66.

RAY RUSHTON, *contra.*—Although the Code, chapter 94, speaks of the petition as a complaint, the proceedings in *quo warranto* are not like an ordinary law suit, but the practice is as at common law.—*Capital City Water Co. v. State,* 105 Ala. 406.

A plea of the general issue is not a sufficient return to the writ, but the defendant must either show warrant or authority to exercise the privileges of a corporation or disclaim.—17 Ency. Pl. & Pr. pp. 467, 468, 469, 470, 471, and authorities cited.

The State has a right at any time to require of any officer that he show by what authority he exercises the functions of an office, and the burden of proof is on him to show that he has legal authority.—*Montgomery v. State,* 107 Ala. 372.

The acts of the judge of probate under the statute are simply ministerial, and his certificate is not binding on the State. The creation of a municipal corporation is a legislative power and cannot be delegated to the courts. The statute fully declares the legislative will, leaving nothing for the judge of probate to do but to apply it to any community that may petition for it and bring itself within its provisions.—20 Am. & Eng. Ency. Law, (2d ed.), 1134.

SHARPE, J.—O'Leary being the relator in this case, his joinder with the State as a plaintiff was necessary (Code, § 3426); and the amendment of the information by the insertion of his name therein as a plaintiff was authorized by the statutes authorizing amendments to pleadings generally. Though the information was at first defective for want of such joinder it was efficient to begin the suit when filed. Security for costs appears to have been then given, and the mere allowance of the amendment did not call for new security. No complaint other than the information was necessary.—*Capital City Water Co. v. The State,* 105 Ala. 406.

By statute *quo warranto* is given as a remedy "when any association, or number of persons, acts within this State as a corporation, without being duly incorporated."—Code, Chap. 94, § 3420, sub-div. 3. This is

[West End v. The State, *ex rel.* etc.]

broad enough to include and does include persons who act as intendant and aldermen of an unincorporated town. The corporate authority of a town incorporated under the general statutes is vested in the intendant and five aldermen (Code, § 2942), and the acts of those officers are acts of the corporation.

Proceedings to incorporate a town under the general statutes are begun by "a petition in writing signed by fifty or more qualified electors who reside within the boundaries of the proposed town, and who are also householders and freeholders therein, stating the name and boundaries of the town proposed to be incorporated."—Act amending section 2937 of the Code, Acts 1900-1901, p. 965. The statute provides that upon the filing of such a petition, the probate judge must direct an election to be held to determine whether the town shall be incorporated; and when the result is certified to him he must "make an order of record that the inhabitants of such town are incorporated," etc.—Code, §§ 2938, 2941. Unless fifty signers of the petition have the requisite qualifications, the petition is ineffective to inaugurate the proceedings and forms no valid basis for any subsequent step. The law provides no way for contesting the petition or whereby the probate judge can judicially ascertain the qualifications of the petitioners. His action upon the petition cannot, therefore, be regarded as other than ministerial, or as precluding inquiry into the validity of the petition in a proper and direct attack upon the proceedings. Analogous questions were passed on in *Grider v. Talley*, 77 Ala. 422, and *Harlan v. State*, 163 Ala. 150; 33 So. Rep. 858. *Quo warranto* has been recognized as a remedy appropriate to raise such inquiry.— *State ex rel. Yard v. Ocean Beach*, 48 N. J. Law, 375; *State ex rel. Lee v. Jenkins*, 25 Mo. App. 484; *State v. Bradford Village*, 32 Vt. 50; *State v. Atlantic Highlands*, 50 N. J. Law, 457. See also High on Ex. Rem. § 684. The information in *quo warranto* takes the place of a complaint; and the information in this case contains definite averments which if true show the petition for the incorporation of "West End" was not

[West End v. The State, *ex rel.* etc.]

signed by the requisite number of qualified persons, and that in consequence the incorporation proceedings were invalid.. As amended it was not subject to the objections taken by demurrrer. There is no authority for joining all the inhabitants of the town as parties defendant. From what has been said it follows that the demurrers to the pleas of non-joinder and to the answers numbered, respectively, 5 and 6, were properly sustained. Answers numbered 1, 2 and 3 are each open to the objections taken by demurrer.

On the trial it was proved without dispute that shortly before the filling of the petition with the probate judge there had been an attempt to incorporate and a failure to procure signatures of the requisite number of freeholders. That one person being advised of that failure, made what purported to be a deed for a lot in West End to fourteen other persons who afterwards signed the petition taking from them a note representing the agreed price of the lot together with a mortgage on the lot purporting to secure the note; and that five dollars and something else not stated has since been paid on the note. The evidence tends strongly to show the moving purpose of this transaction was to qualify the apparent purchasers to sign the petition for incorporation, and that the purpose was understood by those purchasers. Concerning the delivery of the deed there was conflicting testimony, some of which, taken in connection with the circumstances in evidence, tends strongly to show there was no delivery, actual or constructive, to any of the named grantees before the suit was brought. Other evidence tends to show the deed when signed and acknowledged was handed to an attorney who prepared it, and who represented the grantor and the grantees also, and that he delivered it to some of the purported grantees, but as to when he did so the record is silent. There is no evidence to show, unless by certain inference, that any delivery of the deed meant to be effectual occurred prior to the filing of the petition. The judgment appealed from may have been predicated solely and properly on the conclusion that the deed was not delivered before such filing. If such is the correct conclusion,

those persons, never having acquired title thereto, had not a freehold interest in the lot when they became petitioners, and it is not shown or contended that they had other freehold interests in West End. If they be excluded, the petition lacked fifty qualified signers, and was ineffective. The trial court having before it the witnesses, had better opportunity than is here furnished for determining their credibility, and that fact is entitled to some weight here.—*Woodrow v. Hawving,* 105 Ala. 240. We are unable to find that its judgment is erroneous, or that there was error in overruling the motion for a new trial.

Judgment affirmed.