194 So. 839
**McDONALD v. BIRMINGHAM TRUST & SAVINGS CO. et al.**

**7 Div. 601.**

Supreme Court of Alabama.

March 7, 1940.

Rehearing Denied April 4, 1940.

C. W. Stringer, of Talladega, and Bradley, Baldwin, All & White, of Birmingham, for appellees.

J. B. Sanford, of Talladega, and Knox, Liles, Jones & Blackmon, of Anniston, for appellant.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill in equity·as amended.

A primary purpose of the bill is to remove a cloud on title to real estate by cancellation of an option to purchase given by complainants to respondent, and made an exhibit to the bill. The bill invokes the general equity powers to remove a cloud upon title to land.

The demurrers challenge the bill on the ground, among others, that complainants are not shown to be in possession of the property. Hence, for aught appearing, they have a complete and adequate remedy at law by suit in ejectment.

To meet this ground of demurrer the amended bill made certain averments designed to show the complainants were in constructive possession, which follows the legal title in the absence of actual possession by another.

The sufficiency of these averments is questioned. This is residence property. The option stipulated that the optionee "may occupy the property" free of rents, during the ninety-day period for exercising his option to purchase. The amended bill further avers: "That more than six months before the institution of this suit, the said S. P. McDonald and his family moved to the State of Georgia, and are still residing·in the State of Georgia, and that since such removal, no person has resided upon said property, and your orators therefore aver that as a result of their said ownership of said property ·described in said option, and as a result of facts hereinabove related, they are in the constructive possession of said property."

Actual possession is a fact, and may be averred in terms. The constructive possession here asserted is predicated upon title to the property, the removal of respondent therefrom, and no one else residing thereon. This is not the equivalent of an averment that respondent no longer has possession of the property. Although residing in another state his actual possession may be retained through an agent or representative not residing thereon.

The bill must be treated, therefore, on ·demurrer as lacking in averment of possession, actual or constructive, in complainants. We deal first with the question whether, under averments of the bill, this option is a cloud on the title of the optionors subject to removal in court of equity. The option gave ninety days within which to exercise the right to purchase the property upon payment of a stipulated price in cash. This ninety-day period had elapsed more than a year before the bill was filed.

But the bill avers the optionee gave notice of his intention to exercise the option within the time limit, but requested a more definite description of the property, giving the dimensions of the lot, that accordingly deeds were prepared and tendered by the optionors, but were refused upon an unfounded contention that the deed from one of the joint owners did not contain the warranties stipulated in the option; that a few months later the respondent added to his copy of the option the following notation: "'Notice to public. I, S. P. McDonald, do not consider that the terms of the above option have been met by the grantors thereof in several respects, hence, notice is hereby given to any potential purchaser that I still consider said option in full force and effect. Witness my hand and seal, this the 1st day of January, 1938. S. P. McDonald.' and after adding said notation to said option agreement, caused said option, with said notation, to be filed for record on January 20th, 1938, in the Probate Office of Talladega County, Alabama, and to be recorded in the records of said office in Deed Book 100, on page 21."

This option being subject to record under recording statutes, we are of opinion that putting it to record, accompanied by a notation of record warning the public that the optionee claimed the option to be still in force and effect because the optionors had not met their obligations, created a cloud on complainants' title, definitely obstructing the alienation of the property, tending to depreciate its value. The record, on its face, did not disclose the claim of the optionee was a nullity. People do not readily purchase threatened lawsuits, whether apparently well grounded or not. In the face of this record, respondent is not in position to question the fact of a cloud on complainants' title, if ·

indeed the option had become functus because of his action or non-action. Rea, pro ami v. Longstreet & Sedgwick, 54 Ala. 291, 293; Merritt et al. v. Ehrman, 116 Ala. 278, 22 So. 514.

Is such cloud removable in equity when complainants are not in actual or constructive possession?

The general rule is that a bill to remove cloud on title will not be entertained if complainant is not in the actual or constructive possession of the lands, especially if the possession is held by the respondent under his alleged cloud upon title. The rule is based upon the existence of a complete and adequate remedy at law by suit in ejectment, the appropriate action to try title to lands. Necessarily the adequacy of such remedy at law turns on whether the nature of the cloud upon title is such that its validity can be adjudicated in the action of ejectment. When the title asserted under the alleged cloud is a legal title, so as to be within the issues at law in an action of ejectment, the general rule obtains. But it is axiomatic that if the title asserted by respondent be of equitable cognizance only, its validity cannot be determined by suit in ejectment. A recovery in ejectment would leave the cloud upon title just where it was before. In such case the remedy at law is not complete and adequate. Indeed, in such case the defendant would have a right to have the cause transferred to the equity side of the court where full relief could be had.

That the fundamental basis of equity jurisdiction is the absence of a complete and adequate remedy at law is recognized throughout our jurisprudence.

While several of our cases for removal of cloud on title declare without qualification that the complainant must be in possession, actual or constructive, they proceed on the hypothesis that ejectment affords an adequate remedy. However, precedent is not wanting in our cases recognizing that where there are equities involved, or other obstacles to complete redress at law, possession is not a prerequisite to relief. Plant et al. v. Barclay, 56 Ala. 561, 563; Brown v. Hunter, 121 Ala. 210, 25 So. 924; Southern States Fire & Casualty Ins. Co. v. Whatley, 173 Ala. 101, 104, 55 So. 620; Lewis et al. v. Alston et al., 184 Ala. 339, 340, 63 So. 1008. See 9 Am.Jur. p. 354, § 7; 51 C.J. 183, § 99.

The color of title here alleged recognizes the complainants as owners of the legal title, and claims an equitable title through an executory contract to convey.

In this cause the respondent is alleged to be a non-resident of the state, not subject to suit in persona in Alabama, unless he makes a voluntary appearance.

A suit in ejectment against his tenant in possession, if any, would not bind him. Provision is made by statute whereby the tenant may, on motion, cause the landlord to be made a party defendant, or the landlord may, on application, be admitted as a party defendant. But, by express provision of the statute, if the landlord be a non-resident, the suit shall proceed against the tenant. Code, § 7458. In such event, the judgment in ejectment would not be evidence against the landlord. Hawes v. Rucker, 94 Ala. 166, 10 So. 85; Smith et al. v. Gayle, 58 Ala. 600.

In the present case, therefore, these complainants have no remedy by ejectment, an adversary suit, even if the respondent's claim of title under the alleged cloud was legal, rather than equitable.

For this further reason complainants have no adequate remedy at law.

Since the claim of the optionee that the option is still in force and effect because the optionors had not complied with their obligations, allegations showing performance on the part of complainants, and default on the part of respondent, were fitting, probably essential as against demurrer. Averments showing performance in keeping with subsequent requests and instructions of the optionee, although differing in detail from those stipulated in the option, are not subject to the objection that they modify the terms of the written agreement. The optionee cannot base his claim to extension of the option upon non-performance by the optionors, if his own acts caused non-performance according to the terms of the option. His claim that the option is still in force is itself a waiver of the time limit for performance by the optionors.

The further prayer, that if the option be not found to be a cloud on complainants' title, the court find and decree the rights and status of the parties arising under the option, calls for full relief obtainable under a bill to remove the cloud.

Whether the bill makes a case for a declaratory judgment is immaterial.

Section 7 of the amended bill seeks a reformation of the option in matter of description in this: The lot is described in the option by reference to a plat and survey of "Marble City Land and Furnace Company." It is averred the plat is truly identified as that of "Sylacauga Improvement Company," the name to which the first-named company was changed.

There would seem to be no occasion for reformation of a void instrument for the purpose of cancellation. If cancelled, the ends sought would be attained without reformation.

But if alternate relief be granted as prayed reformation would be proper on behalf of both parties. An averment that it was the intention of both parties to option the property correctly described in the bill is an averment of mutual mistake.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.