77 So.2d 663

STATE ex rel. E. C. WHITE

v.

TOWN OF ADDISON et al.

6 Div. 798.

Supreme Court of Alabama.

Jan. 20, 1955.

Wayne H. Weaver, Haleyville, for appellants.

Finis E. St. John and Jack Riley, Cullman, for appellees.

MERRILL, Justice.

The appellants, State of Alabama ex rel. E. C. White and E. C. White individually, plaintiffs below, filed a quo warranto proceeding in the Circuit Court of Winston County against the Town of Addison, Alabama, an alleged municipal corporation and its officers, seeking to exclude the purported officers of the alleged municipal corporation of Addison, Alabama, from acting as such officers and asking that the court declare that a decree of the Probate Court of Winston County, Alabama, dated December 29, 1949, purporting to reinstate the corporate existence of the Town of Addison, an alleged dormant municipality, was and is null and void and of no effect.

The appellees, defendants below, demurred to the complaint or information. The demurrer to the original complaint was sustained.

The plaintiffs filed an amended complaint. It not only challenged the validity of the decree of the Probate Court of Winston County of December 29, 1949, purporting to "reinstate" the corporate existence of the Town of Addison, but attacked the validity of the original decree of the Probate Court of Winston County purporting to incorporate the town. Defendants-appellees demurred to the amended complaint and the court sustained the demurrer. The plaintiffs-appellants declined to further amend their complaint or information and the same was thereupon dismissed and judgment rendered for defendants and the plaintiffs have appealed.

The amended complaint avers that the Probate Court of Winston County rendered a decree on October 31, 1912, purporting to incorporate the Town of Addison, that the elected officers functioned for a time and in the year 1913 the municipal govern-

ment of Addison ceased to function and did not function again until January 1950. It is averred that the said decree of the probate court is null and void because the territory embraced by the purported municipality of Addison was 8¾th square miles, and that all of it is not of urban character; that it lacks unity of interest between agricultural, rural, forest land and the purported municipal corporation; that it contained only 374 inhabitants; and that the community of Addison included less than 20% of the total area attempted to be included in the limits of the purported municipality.

The complaint further shows that on December 26, 1949, a number of persons purporting to be taxpayers of the Town of Addison, a dormant municipality, filed a petition in the probate court requesting an order reinstating the corporate organization and asking the judge to appoint a mayor and council, and that on December 29, 1949, the probate court entered a decree purporting to reinstate the municipal corporation, but that said decree is void because it found that the petition for reinstatement contained the names of a majority of the taxpayers *residing within the limits* of said town. The prayer of the complaint was that the officers of the Town of Addison be excluded from acting as such, that the decree of October 31, 1912, be declared void and the decree of December 29, 1949, be declared void.

█ Quo warranto is proper and available to attack the original incorporation of a municipality. West End v. State, 138 Ala. 295, 36 So. 423; State ex rel. Kinney v. Town of Steppville, 232 Ala. 407, 168 So. 433.

The challenged incorporation of Addison in 1912 was under §§ 1053–1056, Code of 1907. Section 1053 permits communities of one hundred population to incorporate. Section 1054 requires the probate judge to call an election. Section 1055 provides for the holding of the election on the question of "corporation" or "no corporation" and Section 1056 provides:

"Within five days after the election, the inspectors must certify the result to the judge of probate, who must, if a majority of the votes cast at the election are for 'corporation,' cause an enumeration of the inhabitants residing within such territory to be made by such inspectors, or other persons appointed by him, and within three days after such enumeration has been completed and returned to him, shall make an order to be entered of record in the minutes of the court, that the inhabitants of such territory are incorporated as a town or city, as the case may be, by the name and with the boundaries shown by the petition; thereupon such town or city shall be vested with the rights and powers herein granted, incident to such corporations."

The amended complaint in the instant case has as Exhibit "A" the order of the court made under § 1056, supra, and no other records of the original incorporation proceeding are before us. Exhibit "A" is as follows:

"State of Alabama ⎫
Winston County ⎬
 ⎭

October 31, 1912

"In the Matter of the Incorporation of the Town of Addison

"The census enumerators heretofore appointed by an order of this Court to take and certify a census of the proposed incorporation of Addison, Alabama, having this day filed their report of said census, according to law, of said proposed incorporation.

"It is ordered, adjudged, and decreed by this court that the inhabitants of the town of Addison, Alabama, are incorporated as a Town by the name of Addison and with the following boundaries: Commencing at the center of Section 34, Tp. 9, r. 6, then south to the south boundary line of Sec. 10, Tp. 10, R. 6; then west to the SW corner of SE-¼ of Sec. 7, Tp. 10, R. 6, then North to the NW corner of NW-¼ of NE-¼, Sec. 31, Tp. 9, R. 6 W., then East to the SW corner of Sec. 27, T. 0, R. 6., then south to the

SW corner of SW-¼ of NW-¼, Sec. 34, T. 9, R. 6, then east to point of beginning.

"John S. Curtis
Probate Judge."

We fail to see anything void, illegal or incorrect in this order in the light of § 1056, supra. It should be borne in mind that § 1053, Code of 1907, did not impose as many conditions precedent to incorporation as do § 1744, Code of 1923 and § 10, Title 37, Code of 1940. What was said in Foshee v. Kay, 197 Ala. 157, 72 So. 391, 393, where § 1053, Code of 1907, was considered, is appropriate here:

"The order of the probate judge recites that these facts appeared to the satisfaction of the court; and, while it does not say that proof of the fact was made, we think that this judicial ascertainment was by proof of some kind, and the character of which was discretionary with the probate judge, and that the failure of the order to recite that proof was made, or how it was made, was not fatal to the incorporation."

 It therefore follows that the complaint fails to show that the original order of incorporation was void.

We come now to the question as to whether the reinstatement of the dormant municipality was void. Section 16, Title 37, Code of 1940, is as follows:

"Towns or cities that have permitted their organization to become dormant and inefficient may, by a petition of a majority of the taxpayers of such town or city to the probate judge, have their corporate organization reinstated by an order of the probate judge, entered of record, and thereupon he shall appoint a mayor and councilmen for such town or city, who shall hold their offices until the next regular election thereafter, and until their successors are elected and qualified."

The petition, exclusive of 87 signatures, reads:

"The State of Alabama,
Winston County.

"To the Hon. G. R. Dollar, Probate Judge of Winston County, Alabama.

"We the undersigned, constituting a majority of the taxpayers of the Town of Addison, a dormant Municipality, hereby petition your Honor as Probate Judge of Winston County, Alabama, to make and enter of record in your office an order reinstating the corporate organization of the Town of Addison, which was heretofore legally incorporated and which is now a dormant municipality, and to appoint a mayor and councilman for such town to serve until the next regular election and until their successors are elected and qualified according to law."

It can be seen that the petition was in the language of the statute and properly invoked the jurisdiction of the probate court. The probate judge proceeded to enter the order and appointed a mayor and five councilmen. As previously stated the order of reinstatement was attacked in the original complaint and in a phase of the amended complaint.

 We cannot consider this aspect of the case in a quo warranto proceeding. This action admittedly was brought under Code of 1940, Title 7, § 1136, third paragraph providing that a quo warranto may be brought in the name of the state "when any association, or number of persons, acts within this state as a corporation, *without being duly incorporated.*" [Emphasis supplied.]

We have held the original incorporation valid. The original information and complaint showed affirmatively that the Town of Addison was duly incorporated and that the town government functioned for eight years. The case of Butler v. Walker, 98 Ala. 358, 13 So. 261, holds that a municipal charter shall not be forfeited by nonuser for any period of time, and such charter can be forfeited only by legislative action by repeal, or judicial action adjudging a forfeiture. Therefore, the quo warranto pro-

ceeding will not lie to test the reinstatement of the organization of the town because it was, in 1949, and had been since 1912 "duly incorporated."

The lower court properly sustained the demurrer to the original complaint and to the complaint or information as amended and the decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.