84 So.2d 647

**Nell Jo REAGAN, Acting Probate Judge,**

v.

**W. F. RHODES et al.**

**7 Div. 202.**

Supreme Court of Alabama.

Jan. 12, 1956.

Geo. C. Hawkins, Clarence F. Rhea and Hawkins & Rhea, Gadsden, for appellees.

GOODWYN, Justice.

This is an appeal by the acting probate Judge of Etowah County from a decree of the circuit court of said county, in equity, quashing and declaring void and of no effect "all orders, decrees or certifications" made by said judge in proceedings in the probate court incorporating the town of Southside. In the alternative, appellant petitions for mandamus.

On November 29, 1952, appellees filed a bill of complaint in the circuit court of Etowah County, *in equity*, against appellant, as acting probate judge of Etowah County, alleging, in substance, the following: That they are qualified electors of that certain area included within the proposed limits of the town of Southside, in Etowah County, Alabama; that on October 8, 1952, a petition for an order of in-

Edw. B. Miller, Gadsden, for appellant.

corporation of said town was filed in respondent's office; that respondent thereupon directed an election to be held in the proposed community on November 6, 1952; that at said election the vote "for incorporation" was 69 and the vote "against incorporation" was 55; that within five days after said election, respondent appointed enumerators to make an enumeration of the inhabitants residing within said area; that there are not "at least four qualified electors residing on each quarter of each quarter section, according to government survey or part thereof," embraced in the area of said proposed town; that "under the provisions of Title 37, Section 10 et seq., Code of Alabama of 1940, said application or petition, said election, said inspection or examination, are all void and of no effect"; "that defendant was without jurisdiction to issue or decree said orders above described"; "that defendant is without jurisdiction to make an order to be entered of record in the Minutes of the Probate Court of Etowah County, Alabama, that the inhabitants of said territory, area or community are incorporated as a town or city"; "that there is no provision of law for the incorporation of said territory, area or community"; that they "have no adequate remedy at law and that unless an injunction issue against defendant to restrain her from entering an order that said inhabitants of said territory are incorporated as a town or city, they will suffer or sustain irreparable injury and damage". The prayer was for a temporary injunction and, on final hearing, a "final injunction enjoining and restraining defendant from entering an order or record in the Minutes of the Probate Court of Etowah County, Alabama, or ordering that the inhabitants of said territory be, or are, incorporated as a town or city". Attached to the bill as exhibits are copies of the following:

"A." The original petition for incorporation filed in the probate court.

"B." Order of October 8, 1952, setting November 6, 1952, as the date for election by the qualified electors in the area of the proposed municipality to determine the question of "corporation" or "no corporation", and appointing three inspectors to manage said election.

"C." Order of November 8, 1952, appointing enumerators, their acceptance of service and agreement to serve.

On December 19, 1952, complainants amended their bill by adding, in substance, the following allegations: That the plat or map attached to the petition for incorporation of the town of Southside is "inaccurate, incorrect, impossible and void for uncertainty"; that said map or plat "can have no legal effect whatsoever for that on its face it shows 79 quarter quarter-sections (forty acres) and only a total of 66 persons signed said petition, whereas to even be prima facie valid 316 qualified electors residing on the territory included within the proposed boundary of the proposed municipality would have been required to sign said petition"; and that "the petition is invalid, because some of the persons signing said petition do not reside in the area included in the plat or map which shows the proposed boundaries of the proposed municipality". There is also an additional prayer that the court "vacate, annul and declare void and of no effect the order or decree of the Acting Judge of Probate declaring that the inhabitants of the Southside Community or the territory included in the map or plat attached to the petition of incorporation of the Southside Community, are incorporated as a Town or City"; and further that the court "issue an order declaring the Acting Judge of Probate, the defendant herein, to direct that no election may be held for the purpose of electing officers of the Southside Community and to annul, vacate or withdraw any order she may have heretofore entered ordering such election to take place", and "that if such election does take place that the said Judge of Probate or her successors in office shall refrain from entering any order confirming and approving any election or report made by any inspectors who shall have held any election of officers for the Southside Community".

On December 20, 1952, respondent demurred to the bill, as amended, and on the same day the trial court sustained the demurrer.

On December 22, 1952, complainants further amended their bill by adding thereto paragraphs "A" and "B" as follows:

"A.

"That on October 8, 1952, the petition to incorporate the community of 'Southside', together with the map or plat attached thereto was filed in the office of defendant, the description of which community contained in said petition and shown on said map or plat designated said community as consisting of 79 quarters of quarter sections and that said petition contained the names or signatures of only 66 persons proporting [sic] to consent in writing thereto; that on October 8, 1952, defendant ordered an election to be held on November 6, 1952, for the purpose of determining whether said community should be incorporated; that after the holding of said election and the taking of a census, defendant on the 6th day of December, 1952, made and entered an order that the inhabitants of such community or territory were incorporated as a town.

"B.

"That said petition, said order for the holding of an election, said election, said order declaring said community to constitute a town, separately and severally, are void in that defendant was without authority to make and enter the same."

Also, the prayer of the bill was further amended by adding the following:

"Plaintiffs further pray in the alternative that upon said temporary hearing and upon said final hearing your Honor will make and enter an order, judgment or decree requiring defendant to set aside, vacate and hold for naught each of said orders or decrees placed upon the minutes of the Probate Court of Etowah County, Alabama, in said corporation proceeding and restraining defendant from directing or authorizing an election of officers of such alleged corporation or from making and entering any further orders or decrees establishing or recognizing said community as a municipal corporation.

"Plaintiffs further pray that incidental & ancillary to the relief hereinabove prayed for that a writ of certiorari be issued from this court directed to defendant commanding and directing defendant to certify and send to this Court on a day certain to be designated by this Court a full and complete record of all proceedings occurring or had in the Probate Court of Etowah County, Alabama, relating to said incorporation proceedings, that the same may be reviewed and determined by this Court as provided by law; and that this Court shall make and enter an order, judgment or decree quashing the order of defendant directing that said election be held on November 6, 1952, or quashing the order of defendant that the inhabitants of such territory or community constituting a municipal corporation; that said proceedings held by defendant be declared void and of no effect; or that your Honor will revise and correct said orders entered by defendant."

On January 6, 1953, respondent demurred to the bill as last amended and also moved to strike the last amendment to the bill. The motion to strike was denied on January 6, 1953, and the demurrer was overruled on January 14, 1953.

Thereupon, on January 14, 1953, the trial court entered a decree ordering the issuance of "a temporary writ of injunction or temporary restraining order enjoining or restraining defendant from making and entering any further orders or decrees establishing or recognizing a community of 'Southside' as a municipal corporation under or pursuant to that certain petition filed with defendant * * * on the 8th day of October, 1952"; also decreeing that a writ of certiorari be issued to respondent "commanding and requiring her to certify and send to this Court forthwith and no later than 4:30 P.M. on the 16th day of January, 1953, a full and complete transcript of the record and all proceedings held

and conducted in the Probate Court of Etowah County, Alabama, in connection with and pursuant to that certain petition filed * * * on the 8th day of October, 1952, pertaining to proceedings designed to incorporate the community of 'Southside' as a municipal corporation to the end that the same may be reviewed and determined by this Court as provided by law".

The writ of certiorari was complied with. Included in the transcript were the following proceedings had in the probate court in addition to those referred to in the original bill of complaint and attached thereto as exhibits, supra, viz.:

Copy of publication notice, dated October 8, 1952, giving the date set for the election, the polling place and the names of persons appointed as inspectors for holding said election.

Notice to the inspectors of their appointment and their acceptance of service and agreement to serve.

Certificate of posting of notice of election in three public places within the limits of the proposed municipality.

Certificate by inspectors of results of the November 6th election.

Report of the enumerators, dated December 3, 1952, showing a total of 791 residents within the proposed community of Southside.

Decree, dated December 6, 1952, incorporating "Southside" as a municipal corporation.

Order, dated December 6, 1952, for election of mayor and council and appointment of inspectors for holding the election.

Notice to inspectors of their appointment and their acceptance of service.

Certificate of posting of notice of election to be held on January 13, 1953, for electing city officials.

On January 19, 1953, the trial court entered the following decree:

"Decree

"A Writ of Certiorari having been issued in this cause on towit the 15th day of January, 1953, directed to the defendant commanding and requiring her to certify and send to this Court a full and complete transcript of the record and all proceedings held and conducted in the Probate Court of Etowah County, Alabama, in connection with and pursuant to that certain petition filed by Walter W. Burns and others on the 8th day of October, 1952, pertaining to proceedings designed to incorporate the community of 'Southside' as a municipal corporation to the end that the same may be reviewed and determined by this Court as provided by law.

"The Court having examined and reviewed said transcript of said record and proceedings and having determined that the map or plat attached to and made a part of said petition indicates and establishes that the territory sought to be incorporated as a municipal corporation of 'Southside' consists of 78 quarters of quarter sections and that said petition had subscribed to it the name or signature of only 66 persons and the Court being of the opinion that when said petition together with the map or plat attached thereto indicates that said territory consists of 78 quarters of quarter-sections, that the names or signatures subscribed thereto should consist of not less than 312 persons under the laws of Alabama; and

"Whether or not said petition had the required number of signatures under said laws is an administrative or ministerial duty and is not a judicial act of the defendant.

"Therefore, the Court finds that the said petition together with said map or plat which is attached thereto and made a part thereof is void on its face.

"It is, therefore, ordered, adjudged and decreed that said petition and all orders, decrees or certifications heretofore made by defendant pursuant there-

to be and the same are hereby quashed, held for naught and declared void and of no effect.

"This the 19th day of January, 1953.

"Virgil Pittman,
"Circuit Judge"

█ The theory of the bill of complaint, as last amended, seems to be that the petition for incorporation of "Southside" affirmatively shows on its face that it does not have the required number of signers; and that the petition, therefore, was insufficient to give the probate court jurisdiction. Code 1940, Tit. 37, § 10, requires that there be attached to the petition "an accurate plat of the territory proposed to be embraced within the corporate limits" and also provides, among other things, that "no platted or unplatted territory shall be included within such boundary unless there are *at least four qualified electors residing on each quarter of each quarter section,* according to government survey or part thereof, of such platted or unplatted land, *who assent thereto in writing by signing said petition"*. (Emphasis supplied.) There appears to be no question that the petition affirmatively shows that there are 79 quarters of quarter sections, thus calling for not less than 316 qualified electors as signers of the petition. But the petition bears only 66 signatures. Clearly, the probate court did not acquire jurisdiction to proceed with the incorporation proceedings. Town of Oxford v. State ex rel. Howle, 257 Ala. 349, 351, 58 So.2d 604; Richey v. Butler, 255 Ala. 150, 50 So.2d 441; Town of Flat Creek v. Alabama By-Products Corp., 245 Ala. 528, 17 So.2d 771; State ex rel. Kinney v. Town of Steppville, 232 Ala. 407, 168 So. 433; West End v. State, 138 Ala. 295, 36 So. 423; McQuillin Municipal Corporations, 3rd Ed., Vol. I, § 3.28, p. 564.

This brings us to the question whether equity is the proper forum for relief. Appellees seem to take the position that the duties of the probate judge in proceedings to incorporate a municipality are "ministerial", thereby giving equity jurisdiction to enjoin the improper performance of such duty, see Boyd v. Garrison, 246 Ala. 122(5), 125, 19 So.2d 385; that having acquired jurisdiction for such purpose equity may, in aid of such jurisdiction, award relief by certiorari.

There are decisions of this court holding that proceedings for incorporation of municipal corporations under statutory provisions existing prior to the Code of 1907, were "ministerial". Hinkle v. Town of Citronelle, 216 Ala. 191, 193, 113 So. 10; West End v. State, 138 Ala. 295, 36 So. 423, supra. In the Hinkle Case, the court was dealing with Section 1486 of the Code of 1886, which read as follows:

" 'The inhabitants of a town not incorporated, the population of which is not less than one hundred, nor more than three thousand, may become a body corporate, upon a petition in writing, addressed to the judge of probate of the county in which they reside, signed by twenty or more of the adult male inhabitants, stating the name and boundaries by which it is proposed to incorporate such town; but the boundaries of such town must not be fixed until a majority of the owners of the real estate situate within such boundaries have, in writing signed by them and filed with the judge of probate, expressed their assent to such boundaries.' "

In the West End case the statutory provision under consideration was Section 2937 of the Code of 1896, as amended by Act appvd. Feb. 11, 1901, Acts 1900–1901, p. 965, the amended section reading as follows:

"Section 1. Be it enacted by the General Assembly of Alabama, That section 2937 of the code of Alabama be amended so as to read as follows: '2937 (1486) (1763) (1220) Mode of incorporating a town. When the inhabitants of a town not incorporated, the population of which is not less than one hundred nor more than three thousand, shall desire to be organized into a town, they may file with the judge of the probate court of the county in which they reside, a petition in writing signed by fifty or more qualified

electors who reside within the boundaries of the proposed town, and who are also householders and freeholders therein, stating the name and the boundaries of the town proposed to be incorporated.'

"Approved February 11, 1901."

 The present statute contains, we think, provisions which require "judicial" action by the probate judge. Code 1940, Tit. 37, § 10, supra, contains the following provision:

"* * * Proof of residence and qualification as electors of petitioners and of persons affected shall be made to the judge of probate, by affidavit or otherwise, as he may direct. * * *"

In referring to this provision in Foshee v. Kay, 197 Ala. 157, 160, 72 So. 391, 393, this court said:

"The order of the probate judge recites that these facts appeared to the satisfaction of the court; and, while it does not say that proof of the fact was made, we think that this judicial ascertainment was by proof of some kind, and the character of which was discretionary with the probate judge, and that the failure of the order to recite that proof was made, or how it was made, was not fatal to the incorporation."

Our view is that this cause can be determined by the answer to one question: Did complainants have an adequate remedy at law?

One of the foundation stones of equity jurisdiction is the absence of an adequate remedy at law. Sherrill v. Federal Land Bank of New Orleans, 244 Ala. 461, 14 So.2d 361; McDonald v. Birmingham Trust & Savings Co., 239 Ala. 369, 194 So. 839; Jarrett v. Hagedorn, 237 Ala. 66, 185 So. 401. If there is an adequate remedy at law, then there can be no resort to equity. Equity takes up where the law ends.

There is no question that the writ of certiorari is one of the remedial writs issuable out of a court of law in the exercise of its supervisory powers over an inferior court of law. And it is established that the probate court is an inferior jurisdiction subject to the circuit court's general superintendence. Ex parte Town of Roanoke, 117 Ala. 547, 23 So. 524. If certiorari is an available remedy in the instant case, it would be just as efficacious if issued out of the law court as it would be if issued out of equity. By this we do not hold that certiorari may issue out of equity. That question is pretermitted. See, however, 14 C.J.S., Certiorari, § 53, note 33, p. 201.

Judgment will be rendered here reversing the cause and dismissing the bill.

Reversed and rendered.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.