142 So.2d 694

**STATE of Alabama ex rel. Dargan Gewin SUTHER et al.**

v.

**CITY OF MIDFIELD.**

**6 Div. 831.**

Supreme Court of Alabama.

June 14, 1962.

Norman K. Brown, Bessemer, for appellee.

Harwood, Parsons & Harwood, Fairfield, for appellants.

MERRILL, Justice.

On December 20, 1961, appellants filed a quo warranto proceeding, charging that

the City of Midfield was exercising its power and jurisdiction over a certain described area which was not a part of the City of Midfield. It was charged that the city was claiming that the area had been annexed to the City of Midfield by virtue of an order of the Probate Court of Jefferson County, but the order was not valid because the assent for annexation had been secured from the owners of only fifty per cent of the area proposed to be annexed instead of sixty per cent as required by law.

The appellee, City of Midfield, filed an answer and as exhibits to the answer filed all the proceedings in the annexation.

The circuit court found in favor of the city and annulled and quashed the writ of quo warranto.

The pertinent part of the statute, Tit. 37, § 135(9), reads:

"* * * No platted or unplatted territory shall be included within such boundary unless there are at least two qualified electors residing on each quarter of each quarter section, according to government survey, or part thereof, of such platted or unplatted land, who assent thereto in writing by signing said petition, together with the consent of the persons, firms or corporations owning at least sixty per cent of the acreage of such platted or unplatted land, such consent to be signified by their signing said petition. Proof of residence and qualification as electors of petitioners and of persons affected shall be made to the judge of probate, by affidavit or otherwise, as he may direct. When determining the ownership of the land within such boundary, the persons, firms or corporations assessing the same for taxation shall be accepted by the probate judge as prima facie the owners thereof."

The real question posed is whether the probate court had the authority to call the annexation election. Appellants insist that the petition filed in the probate court did not give that court jurisdiction.

The proceedings for annexation show a resolution by the Town Council to annex certain described property and seeks the calling of an election. It shows the affidavits of two witnesses who testified as to the description of the property to be annexed; that the petition included the names of at least two qualified voters who resided in each quarter of each quarter section; and that the petition was signed by the owners of at least sixty per cent of the acreage proposed to be annexed. Many names were signed to the petition showing the addresses, whether or not they were voters and whether or not they were property owners. The judge of probate found from the evidence that the petition had been signed by at least two qualified electors residing on each quarter of each quarter section and that the petition had been signed by persons, firms or corporations owning at least sixty per cent of the acreage described. He then ordered an election. Notice of the election was duly given and the probate court subsequently found that on the election held November 28, 1961, 153 votes were cast for annexation and 77 votes were cast against annexation; that the entire proceeding was done pursuant to Chapter 5, Article 1, Code of Alabama 1940, as amended, and declared the property to be annexed. This order was dated November 29, 1961.

■ We have held that quo warranto is proper and available to attack the original incorporation of a municipality, State v. Town of Addison, 262 Ala. 139, 77 So.2d 663; State v. Town of Steppville, 232 Ala. 407, 168 So. 433; and it has been used in contesting annexation proceedings, Town of Oxford v. State, 257 Ala. 349, 58 So.2d 604.

In the Town of Oxford case, we held that Tit. 37, § 135(9), requires only the filing of the required annexation resolution of the city governing body with the probate judge,

together with the written consent of the named groups of individuals. These persons must have the qualifications required by the statute, but "it is not jurisdictional that the writing which they sign shall contain those allegations, but they must be proven * * * before the probate judge."

Here, the petition contained all the "jurisdictional" averments, as did the proof submitted to the court, and the order of the court showed that all the necessary allegations or facts had been proved.

■ Appellants have cited us to no case where this court has upheld a quo warranto proceeding to declare the acts of a city null and void under an original incorporation or annexation where the necessary statutory requirements were shown by the face of the record to have been met and so found by the probate court. Only one case, West End v. State, 138 Ala. 295, 36 So. 423, would seem to support such a holding, but that case is discussed, distinguished and shown to have been decided under a different statute in both State v. Town of Phil Campbell, 177 Ala. 204, 58 So. 905, and Reagan v. Rhodes, 264 Ala. 39, 84 So.2d 647.

˙ This court has held the original incorporation proceedings invalid where the records of the probate court showed on their face that the required description of the land affected was "impossible," State v. Town of Boyles, 207 Ala. 59, 92 So. 250; State v. Town of Altoona, 200 Ala. 502, 76 So. 444; and where the record showed on its face that there were not enough owners giving consent, Reagan v. Rhodes, 264 Ala. 39, 84 So.2d 647.

We have upheld incorporation proceedings where there was a self-correcting error in the description of the land, the description erroneously placing the territory in township 20 instead of 21, Foshee v. Kay, 197 Ala. 157, 72 So. 391; and where the petition and the order of the probate court recited that the plat accompanied the petition, but it was not found in the records of the probate court when the quo warranto proceedings were brought; State v. Town of Steppville, 232 Ala. 407, 168 So. 433.

Although the duties of the probate court in incorporation proceedings were considered ministerial under prior statutes, West End v. State, 138 Ala. 295, 36 So. 423, we have held that the present statute requires " 'judicial' action by the probate judge," Reagan v. Rhodes, 264 Ala. 39, 84 So.2d 647, and where the order of the court showed the essential facts appeared to the satisfaction of the court, this was a "judicial ascertainment" by the court even though the record did not say that proof of the facts were made. Foshee v. Kay, 197 Ala. 157, 72 So. 391.

In State v. Town of Phil Campbell, 177 Ala. 204, 58 So. 905, where quo warranto was instituted seeking to dissolve the municipal corporation because the petition was not signed by 25 qualified electors as then required by the statute, this court, per Chief Justice Dowdell, said:

> "In the instant case the record shows that the petition was signed by 26 persons, alleged to be qualified electors residing within the limits of the proposed municipality. The entry or order made on the filing of the petition by the judge recites as follows: 'And proof being made by affidavit of Seth R. Mapes that the persons whose names are signed to said petition are each qualified electors of and reside within the limits of the proposed municipality.' This we think shows a judicial determination by the judge of the existence of the facts stated, and the statute under which the proceedings to incorporate the town not making any provision for appeal from the order of the judge incorporating the town, therefore, in line with the discussion we have indulged in, and in consonance with the authorities cited, we hold that the incorporation proceedings are safe from attack on the point under discussion."

In the instant case, the order of the probate court shows that the court found that "* * * said petition also being signed by persons, firms or corporation owning at least sixty percent (60%) of the acreage of the platted and unplatted land within said territory, * * *." This shows a judicial determination of that fact by the court and we hold that the annexation proceedings are safe from attack by quo warranto on that point.

We have found no decision of this court where an incorporation of a municipality or an annexation thereto under present statutes has been invalidated by quo warranto proceedings where, as here, all the proceedings in the probate court showed compliance with the pertinent statute, and there was a judicial ascertainment by the probate court of the required facts.

■ Only one other contention requires discussion. Appellants argue that since they set up the fact of the lack of consent by sixty per cent of the property owners by replication No. 2, and the trial court overruled both a motion to strike the replication and the demurrer thereto, the replication stood as confessed and, therefore, their claim was confessed by appellee whether proved or not. We cannot agree.

Replication No. 2 did no more than state what had already been alleged in the original complaint—that the written consent of at least sixty per cent of the property owners had not been obtained.

■ A replication repeating matter already counted upon is demurrable, Highland Avenue & Belt R. R. Co. v. South, 112 Ala. 642, 20 So. 1003; or it is not error to grant a motion to strike such a replication, Bienville Water Supply Co. v. City of Mobile, 125 Ala. 178, 27 So. 781. It follows that replication No. 2 was not to be considered as confessed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.